STATE of Wisconsin, Plaintiff-Respondent,

v.

Ronald J. McALLISTER, Defendant-Appellant.

Supreme Court

*No. 81–693–CR.  Argued April 28, 1982.—Decided June 2, 1982.*

(Also reported in 319 N.W.2d 865.)

For the defendant-appellant there were briefs by *Ralph A. Kalal* and *Kalal & Habermehl* of Madison, and oral argument by *Ralph A. Kalal.*

For the plaintiff-respondent the cause was argued by *Edward S. Marion,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J.    This case was certified to this court by the court of appeals; we accepted certification.

The issue is whether prior violations of sec. 346.63(1), Stats.,[1] are elements of the crime of driving or operating a motor vehicle while under the influence of an intoxicant or a controlled substance, thereby requiring that

---

[1] Sec. 346.63(1), Stats., provides:

**346.63  Operating under influence of intoxicant.  (1)** No person may drive or operate a motor vehicle while under the influence of an intoxicant or a controlled substance."

the question of their existence be submitted to the jury. The trial court answered "no," and we affirm.

Unquestionably, the state has the burden of proving each essential element of a crime charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358 (1970) ; *Mullaney v. Wilbur,* 421 U.S. 684 (1975) ; *Patterson v. New York,* 432 U.S. 197 (1977) ; *Muller v. State,* 94 Wis. 2d 450, 473, 289 N.W.2d 570, 582 (1980). Equally beyond dispute is the proposition that where the finder of fact is a jury, rather than a judge, proof of all essential elements must be tendered to the jury. *Holland v. State,* 91 Wis. 2d 134, 138, 280 N.W.2d 288, 290 (1979), *cert. denied,* 455 U.S. 931 (1980) ; *Seidler v. State,* 64 Wis. 2d 456, 460, 219 N.W.2d 320, 323 (1974). A judge may not direct a verdict of guilt against a defendant in a criminal case.

The defendant, Ronald J. McAllister, was convicted of a third offense of operating a motor vehicle while intoxicated (OMVWI). The prosecution proved beyond a reasonable doubt to a jury that he was operating a motor vehicle while under the influence of an intoxicant. The state, however, adduced no proof before the jury to establish that the defendant had been previously convicted of violating sec. 346.63 (1), Stats., or a conforming local ordinance, or that he had been revoked under sec. 343.305 within the five years preceding the instant offense.

Defendant moved for judgment of acquittal or dismissal with prejudice or amendment of the charge to a civil forfeiture violation of sec. 346.63 (1), Stats., at the close of the state's case and at the close of all the evidence. Defendant argued that he could not be convicted of a criminal violation of sec. 346.63 (1) unless the state proved beyond a reasonable doubt to the jury that he had previously been convicted of violating sec. 346.63 (1) or a conforming local ordinance or had been revoked under

sec. 343.305 within five years of the instant offense. The trial court rejected this position and instead viewed secs. 346.63(1) and 346.65(2)[2] as an offense and penalty enhancing scheme akin to a repeater statute. The defend-

---

[2] Sec. 346.65(2), Stats., provides:

"(2)(a) Any person violating s. 346.63(1):

"1. Shall forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.

"2. Shall be fined not less than $250 nor more than $1,000 and imprisoned not less than 5 days nor more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

"3. Shall be fined not less than $500 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 3 or more within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

"(b) Rehabilitation ordered and substantially complied with under s. 343.30(1q(a) or a final determination by a court that the person does not need assessment based on a report that the person has completed the court-ordered attendance at a school under s. 345.60 may:

"1. When a forfeiture would otherwise be required under par. (a)1, be in lieu of all but the first $100 of the forfeiture.

"2. When fine and imprisonment would otherwise be required under par. (a)2, be in lieu of all or part of the imprisonment and all but the first $250 of the fine.

"(c) Rehabilitation ordered and substantially complied with under s. 343.30(1q)(a) or a final determination by a court that the person does not need assessment based on a report that the person has completed the court-ordered attendance at a school under s. 345.60 may not be in lieu of any part of the imprisonment or fine ordered under par. (a)3."

ant was sentenced to 35 days in jail and fined $500, with the sentence stayed pending appeal.

A crime is "conduct which is prohibited by state law and punishable by fine or imprisonment or both." Sec. 939.12, Stats.[3]

The conduct prohibited by sec. 346.63(1), Stats., consists of (1) driving or operating a motor vehicle, and (2) doing so while under the influence of an intoxicant.[4] It is the conduct of operating a motor vehicle while under the influence of an intoxicant which is prohibited by sec. 346.63(1). Nothing more need be proven to sustain a judgment of conviction against a motorist. These were the two elements of the offense contained in the jury instruction, and the jury was therefore properly instructed.

The penalties for violation of OMVWI are contained in sec. 346.65(2), Stats. Repeated violations are subject to increasingly harsher penalties. This graduated penalty structure is nothing more than a penalty enhancer similar to a repeater statute which does not in any way alter the nature of the substantive offense, *i.e.*, the prohibited conduct, but rather goes only to the question of punishment.

In *State v. Banks*, 105 Wis. 2d 32, 45–50, 313 N.W.2d 67 (1981), this court distinguished sec. 346.65, Stats., from general repeater statutes in holding that the enhancement provisions of sec. 346.65(2)(a) are applicable to repeat offenders regardless of the sequence of viola-

---

[3] Sec. 939.12, Stats., provides:

"939.12 **Crime defined.** A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime."

[4] The new OMVWI provisions, sec. 346.63, Stats., effective May 1, 1982, have created an alternative to the second element of the offense, "while under the influence of an intoxicant" and that is operating with a certain percentage of alcohol in evidence in the breathalyzer test.

tions. The issue in *Banks* regarding the timing of drunk driving offenses is unrelated to the present question of whether prior violations of sec. 346.63(1) must be proven as an element of the substantive offense. Thus, the distinction drawn in *Banks* is irrelevant to our present discussion.

This court characterized sec. 161.48, Stats.,[5] prescribing enhanced punishment for second and subsequent violations of the Uniform Controlled Substances Act, as a repeater statute, in *Olson v. State,* 69 Wis. 2d 605, 608, 230 N.W.2d 634 (1975), wherein the court held: "[T]hat while the repeater provision authorizes stiffer sentences, it does not itself create a crime and cannot support a separate and independent sentence."

In *Block v. State,* 41 Wis. 2d 205, 212, 163 N.W.2d 196 (1968), speaking of this state's general repeater statute, sec. 939.62, Stats.,[6] this court stated: "A charge of being a repeater is not a charge of a crime and, if proved,

---

[5] Sec. 161.48, Stats., provides:

"161.48 **Second or subsequent offenses.** (1) Any person convicted of a 2nd or subsequent offense under this chapter may be fined an amount up to twice that otherwise authorized or imprisoned for a term up to twice the term otherwise authorized or both.

"(2) For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

"(3) This section does not apply to offenses under s. 161.41(2r) and (3)."

[6] Sec. 939.62(1) and (2), Stats., provides:

"939.62 **Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

"(a) A maximum term of one year or less may be increased to not more than 3 years.

only renders the defendant eligible for an increase in penalty for the crime of which he is convicted."

In *Wells v. State,* 40 Wis. 2d 724, 731, 162 N.W.2d 634 (1968), the court stated: "[T]he repeater statute does not define an offense but is treated as part of the criminal law regulating the sentence and judgment in cases where persons are guilty of successive repeated offenses."

In *Harms v. State,* 36 Wis. 2d 282, 285, 153 N.W.2d 78, 80 (1967), we stated: "The habitual criminality statute increases the penalty for a particular misdemeanor or felony involved, but in no way changes the nature of the crime."

As we held in *Dahlgren v. State,* 163 Wis. 141, 144, 157 N.W. 531 (1916):

"Prior conviction is an essential element of the charge in the information in order to secure the punishment provided for in case of a second offense and must be alleged in the information under the statute, sec. 4763, but it is not an essential element of the substantive offense charged."

"(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

"(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

"(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded."

In *Dahlgren, supra,* at 144, the court rejected a contention similar to that made by the present defendant:

"[T]he proof made was not sufficient to sustain what he calls the second and third counts of the information, which relate to the convictions in Minnesota; and further contends that the jury should have passed specifically upon each of the so-called counts of the information. The fact is in the instant case there was but one count in the information, but one offense. The matter relating to the former convictions merely affected the severity of punishment and was not a part of the substantive offense with which the defendant was charged. The evidence was sufficient to prove all the allegations of the information and warrant conviction."

Finally, in *Mulkovich v. State,* 73 Wis. 2d 464, 468, 243 N.W.2d 198 (1976), we stated: "A repeater charge is relevant only to the action of the trial judge in imposing sentence after the jury has made the finding of guilt in respect to the crime tried before it."

The legislative directive concerning the law of repeater and penalty enhancers is clear and has been upheld by this court. The application and impact of such provisions has been repeatedly defined. Consistent with this development of the law, we hold that the fact of a prior violation, civil or criminal, is not an element of the crime of OMVWI either in the ordinary sense of the meaning of the word element, *i.e.,* the incidents of conduct giving rise to the prosecution, or in the constitutional sense.

The defendant argues that since he cannot be convicted of this crime unless there has been a previous civil or criminal conviction of the same offense, the previous conviction is an element of the offense and must be proven beyond a reasonable doubt to the jury. We reject that argument and rule that the previous conviction of sec. 346.63(1), Stats., whether civil or criminal, is not an element of the offense.

There is no inherent unfairness in considering previous convictions as penalty enhancers rather than as an

element of the charged offense. As the United States Supreme Court stated in *Patterson v. New York, supra,* at 210: "Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch."

The Supreme Court has explicitly acknowledged the wide leeway states have always been accorded in administering repeater statutes and in dividing responsibility between the judge and jury in criminal cases. *Spencer v. Texas,* 385 U.S. 554, 560, 565–69 (1967).

There is no presumption of innocence accruing to the defendant regarding the previous conviction or convictions; such convictions have already been determined in the justice system and the defendant was protected by his rights in those actions.

The defendant does have an opportunity to challenge the existence of the previous penalty-enhancing convictions before the judge prior to sentencing. However, the convictions may be proven by certified copies of conviction or other competent proof offered by the state before sentencing.

The defendant has suggested that the same jury should hear the substantive charge of OMVWI and then, in a bifurcated trial, the evidence of the triggering civil or criminal convictions. This would interfere with the fact-finding process and intrude on judicial discretion by allowing the jury to rule on punishment, an area exclusively within the province of the judge. There is no unfairness in using the prior convictions, if proven to the satisfaction of the judge, as punishment enhancers.

*By the Court.*—The judgment of the circuit court for Dane county is affirmed.