STATE of Wisconsin, Plaintiff-Respondent-Cross Appellant,

v.

Ronald C. FOUST, Defendant-Appellant-Cross Respondent.

Court of Appeals

*No. 97–0499–CR. Submitted on briefs September 9, 1997.—Decided October 30, 1997.*

(Also reported in 570 N.W.2d 905.)

On behalf of the defendant-appellant-cross respondent, the cause was submitted on the brief of *John D. Lubarsky*, assistant state public defender.

On behalf of the plaintiff-respondent-cross appellant, the cause was submitted on the brief of *Erik C. Peterson,* assistant district attorney of Richland County.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DEININGER, J. Ronald Foust appeals a judgment convicting him of operating a motor vehicle while under the influence of an intoxicant (OMVWI), in violation of § 346.63(1)(a), STATS., as a third offense. He claims the trial court erred by relying on a constitutionally infirm prior OMVWI conviction to establish that Foust was subject to prosecution for OMVWI as a third offense. The State cross-appeals, claiming that the trial court also erred when it disallowed consideration of the defective prior conviction for sentencing purposes, and therefore treated Foust as a second offender for purposes of sentencing. We conclude that the defective prior OMVWI conviction may not be relied upon for either charging or sentencing Foust for his present offense. We therefore reverse the judgment and

569

remand for the purpose of entering a judgment convicting Foust of OMVWI as a first offense and sentencing him accordingly.

## BACKGROUND

A conviction for OMVWI as a first offense results in the imposition of a non-criminal forfeiture. Section 346.65(2)(a), STATS. Second and subsequent OMVWI offenses, however, are criminal violations, resulting in progressively higher fines and longer mandatory minimum jail sentences. Section 346.65(2)(b) through (e). A prior OMVWI conviction triggers "second offense" penalties if it occurred within five years of the present offense. Section 346.65(2)(b). Prior OMVWI offenses within a *ten-year* period are considered, however, when determining whether the present offense is a third or subsequent offense. Section 346.65(2)(c) through (e). Thus, it is possible, for example, for a person to acquire two non-criminal, first offense OMVWI convictions (i.e., if they are at least five years apart), but then to be subject to third offense criminal penalties if another OMVWI conviction is obtained within ten years of the first conviction.

Foust was convicted of OMVWI on February 16, 1989, and again on November 17, 1993. In the present action, the State charged that he was OMVWI on October 15, 1995, which would constitute a third offense for penalty enhancement purposes. Foust moved the court to exclude the 1993 conviction from consideration because it was based on a guilty plea that was not knowing and voluntary. He sought by his motion to have the instant prosecution proceed as a non-criminal, first offense forfeiture action. After reviewing a transcript of the plea proceedings for the 1993 offense, which was committed within five years of the 1989

offense and was therefore prosecuted criminally as a second offense, the State and trial court concurred that the 1993 conviction was defective.

The trial court ruled that, if Foust were convicted of the present offense, the 1993 conviction could not be considered when determining the applicable penalty range, but that the State could use the defective conviction to establish Foust's "status" as a third-time OMVWI offender for purposes of charging and prosecuting him for the violation. The net effect of the trial court's decision was to allow the State to prosecute Foust criminally for the present OMVWI offense and to seek second offense penalties if successful. Foust then stipulated to a bench trial based solely on the allegations in the criminal complaint. The court convicted him of OMVWI, imposed a $300 fine plus costs and assessments, and sentenced him to ten days in jail. The fine and jail time imposed are within the allowable range for second offense OMVWI penalties, but below the mandatory minimums of $600 and thirty days for a third offense.

Foust appeals his criminal conviction for the OMVWI offense, claiming the trial court erred in permitting the defective 1993 conviction to be used for purposes of prosecuting him criminally for the present offense. The State cross-appeals, claiming that the 1993 conviction, although concededly defective, establishes Foust's status as a dangerous driver who should be subject to the penalties applicable to third offenders.

## ANALYSIS

■

The issue presented by this appeal involves the application of constitutional standards to undisputed facts. It is thus a question of law, which we decide de

novo. *State v. Woods*, 117 Wis. 2d 701, 715–16, 345 N.W.2d 457, 465 (1984).

Foust argues that this case is controlled by the holding in *State v. Baker*, 169 Wis. 2d 49, 485 N.W.2d 237 (1992), and we agree. The supreme court in *Baker* considered whether a prior conviction for operating a motor vehicle after the revocation of operating privileges (OAR), which was based on a plea that was not knowing and voluntary, could be used to enhance the criminal penalties imposed following a subsequent conviction for OAR. The court, relying on a series of decisions by the U.S. Supreme Court, concluded that the prior OAR conviction could be collaterally attacked for sentencing purposes on constitutional grounds, and that a conviction based on a defective plea could not be used to enhance the penalties imposed on a subsequent OAR conviction. *Id.* at 69 and 75, 485 N.W.2d at 245 and 247. The court announced the following rule derived from the federal decisions:

> A defendant may, in a subsequent proceeding, collaterally attack a prior conviction obtained in violation of the defendant's right to counsel if the prior conviction is used to support guilt or enhance punishment for another offense. A defendant may not, in a subsequent proceeding, collaterally attack a prior conviction if the prior conviction is used to identify the defendant as a member of a potentially dangerous class of individuals.

*Id.* at 59–60, 485 N.W.2d at 241. (As we have noted, the court also concluded that the rule should apply to prior convictions based on constitutionally infirm pleas as well as to those obtained in violation of a defendant's right to counsel.)

The State urges us to conclude that the present facts are governed by the second part of the rule announced in *Baker*. It argues that the legislature has determined that repeat OMVWI offenders are a potentially dangerous class of individuals. Thus, the present statutes pertaining to repeat OMVWI offenders do not, in the State's view, represent penalty enhancement statutes, but rather the legislature's imposition of various "civil disabilities" on repeat offenders because of their status. The State relies heavily on *Lewis v. United States*, 445 U.S. 55 (1980), for this argument. In *Lewis*, the Supreme Court did not allow a person charged with violating a federal statute, which prohibited those who have been convicted of a felony from possessing firearms, to collaterally attack the predicate felony conviction. The Court concluded that the legislative purpose behind the broadly worded, remedial statute was to impose a civil disability on a dangerous class of persons, and to enforce that disability through criminal sanctions. *Id.* at 67. Thus, unlike statutes which enhance criminal penalties for repeat offenses, the federal firearms law focused on the "mere fact of conviction," as opposed to its reliability, "in order to keep firearms away from potentially dangerous persons." *Id.*

Some might find this distinction elusive. Others might question just why it is that a constitutionally defective prior conviction can be used as a predicate for subjecting a person to criminal sanctions for possessing a firearm, but that the same defective conviction may not be used for the purpose of increasing the criminal sanctions applicable to a subsequent conviction for a repeat offense. It would seem that the prior conviction is used to "support guilt" in the former instance and to "enhance punishment" in the latter, and thus both

573

might appear to be within the rule permitting collateral attack. We need not concern ourselves with this conundrum, however.

The *Baker* court considered and distinguished *Lewis,* concluding that "the OAR statute uses prior OAR convictions primarily to enhance punishment, not to identify and classify a defendant or to enforce a civil disability with a criminal sanction." *Baker,* 169 Wis. 2d at 64, 485 N.W.2d at 243. We conclude that the same is true of the OMVWI penalty statute, § 346.65(2), STATS. Indeed, the court in *Baker* made the analogy in reverse when it quoted the following language from *State v. McAllister,* 107 Wis. 2d 532, 535, 319 N.W.2d 865, 867 (1982), in support of its conclusion regarding the character of the OAR penalty statute: " 'This graduated penalty structure [the OMVWI statute] is nothing more than a penalty enhancer similar to a repeater statute which does not in any way alter the nature of the substantive offense, i.e., the prohibited conduct, but rather goes only to the question of punishment.' " *Baker,* 169 Wis. 2d at 66, 485 N.W.2d at 243.

The State, however, argues that "Wisconsin's OMVWI laws have changed drastically since the time *McAllister* and *Baker* were decided," and that the thrust of the OMVWI statutes is now the identification of repeat offenders as "members of a potentially dangerous class of individuals." The State cites provisions in 1991 Wis. Act 277 which altered the definition of "prohibited alcohol concentration" for those with two previous OMVWI convictions from .10 to .08, *see* § 340.01(46m)(b), STATS., and which subject repeat offenders to potential vehicle seizures and immobilizations and the installation of ignition interlock devices. *See* § 346.65(6), STATS. The State also cites 1993 Wis. Act 317, which created the ten-year "look back" period

for determining third and subsequent OMVWI offenses. Section 346.65(2)(c) through (e). All but the last of these changes were effective, however, when the supreme court said of § 346.65(2), STATS., 1991–92, that it "provides for escalating penalties for multiple offenses" and quoted with approval the previously cited language from *McAllister. State v. Wideman,* 206 Wis. 2d 90, 97, 556 N.W.2d 737, 740–41 (1996). We thus conclude that the supreme court's characterization of § 346.65(2) in *Baker* and *McAllister* as "nothing more than a penalty enhancer similar to a repeater statute" remains valid despite the legislative changes cited by the State. *Baker,* 169 Wis. 2d at 66, 485 N.W.2d at 243; *McAllister,* 107 Wis. 2d at 535, 319 N.W.2d at 867.

Finally, the State argues that because § 340.01(46m)(b), STATS., changes the definition of "prohibited alcohol concentration" (PAC) for persons having two or more prior OMVWI convictions, "the nature of the substantive offense, i.e., the prohibited conduct" is altered, and therefore the *Baker/McAllister* characterization of § 346.65(2), STATS., no longer applies. *See State v. Ludeking* 195 Wis. 2d 132, 136, 536 N.W.2d 392, 394 (Ct. App. 1995) ("[P]rior OMVWI convictions are an element of the offense of driving with a prohibited alcohol concentration"), overruled on other grounds, *State v. Alexander,* 214 Wis. 2d 627, 571 N.W.2d 662 (1997). We first note that Foust appeals his conviction for OMVWI, a violation of § 346.63(1)(a), STATS., and that, therefore, the definition of "prohibited alcohol concentration" used in determining violations of § 346.63(1)(b) has no direct application in this case. Moreover, we agree with Foust that the holding in *Ludeking* supports rather than negates our conclusion that a person charged as a repeat OMVWI offender must be allowed to collaterally attack a prior convic-

tion: prior OMVWI convictions, in addition to enhancing penalties for subsequent convictions, can be used, in some instances, to support the guilt of a person subsequently charged with OMVWI or with a PAC violation. *See* §§ 340.01(46m)(b) and 885.235(1)(cd), STATS. These are precisely the uses to which a prior conviction may be put that make it subject to collateral attack under the *Baker* rule. *Baker*, 169 Wis. 2d at 59, 485 N.W.2d at 240–41.

## CONCLUSION

■ Section 346.65(2), STATS., is primarily a penalty enhancer statute which uses prior OMVWI convictions to enhance the punishment for subsequent offenses. Convictions used for that purpose are subject to collateral attack, and where it is established, as it is here, that a prior conviction is based on a constitutionally defective plea, that conviction cannot be used in applying § 346.65(2). Thus, Foust's 1993 conviction cannot be considered, and his only other prior OMVWI conviction occurred in 1989, more than five years prior to the instant offense. The penalty he faces for the instant offense is thus a non-criminal forfeiture as set forth in § 346.65(2)(a). We reverse the judgment of conviction and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with instructions.