City of Berlin, Plaintiff-Respondent,
v.
Jane M. Bartol, Defendant-Appellant.
No. 03-3492.
Court of Appeals of Wisconsin.
Opinion Filed: June 9, 2004.
¶ 1 SNYDER, J.[1]
Jane M. Bartol appeals from a judgment of conviction for a first offense of operating a motor vehicle while intoxicated. Bartol contends that the circuit court erred in denying her motion to suppress the results of the blood test administered following her arrest. She maintains that the arresting officer's request for a blood test was unreasonable due to the availability of less intrusive tests and the civil nature of her offense. We disagree and affirm the judgment of the circuit court.

FACTS
¶2 The facts are brief and undisputed. While on patrol on February 22, 2003, Officer Eric Olson of the City of Berlin Police Department stopped, detained, and arrested Bartol for OWI, first offense, contrary to WIS. STAT. § 346.63(1)(a). Olson transported Bartol to Berlin Memorial Hospital and read to her the Informing the Accused form. Olson asked Bartol if she would submit to a chemical test of her blood, and she said yes. Based upon this test result, Olson also cited Bartol for operating a motor vehicle with a prohibited alcohol concentration, first offense, contrary to § 346.63(1)(b). Bartol pled not guilty to both charges.
¶3 Prior to trial, Bartol moved for suppression of the blood test results, arguing that the noncriminal nature of her case did not merit the level of intrusion a blood test entails and that Olson should have requested a less intrusive chemical test.[2] The court denied her motion. A jury found Bartol guilty on both charges, and she appeals.

DISCUSSION
¶4 Bartol argues that Olson's choice of the chemical blood test was unreasonable because Bartol's offense was civil, not criminal, in nature. She contends that the Fourth Amendment protection against unreasonable search and seizure should prohibit arresting officers from using "the most invasive form of chemical test as the primary test under Wisconsin's Implied Consent Law" when the offense is a civil violation. The application of a constitutional standard to undisputed facts presents a question of law, which we review de novo. State v. Foust, 214 Wis. 2d 568, 571-72, 570 N.W.2d 905 (Ct. App. 1997).
¶5 Our analysis begins with the implied consent law. The relevant statutory language is as follows:
(2) IMPLIED CONSENT. Any person who ... drives or operates a motor vehicle upon the public highways of this state ... is deemed to have given consent to one or more tests of his or her breath, blood or urine, for the purpose of determining the presence or quantity in his or her blood or breath, of alcohol[.]
(3) REQUESTED OR REQUIRED. (a) Upon arrest of a person for violation of s. 346.63(1) ... a law enforcement officer may request the person to provide one or more samples of his or her breath, blood or urine for the purpose specified under sub. (2).
WIS. STAT. § 343.305(2), (3)(a). Through the implied consent statute, the legislature authorized a law enforcement officer to request his or her choice among chemical tests of blood, breath or urine. State v. Krajewski, 2002 WI 97, ¶55, 255 Wis. 2d 98, 648 N.W.2d 385, cert. denied, Krajewski v. Wisconsin, 537 U.S. 1089 (2002). We presume that the legislature had good reasons for giving law enforcement officers the right to choose among chemical tests. Id.
¶6 Bartol argues that law officers should be constrained to use the "least intrusive means" available when performing a chemical test in a first offense situation because the legislature has deemed a first offense to be civil rather than criminal. Relying on our decision in State v. Thorstad, 2000 WI App 199, 238 Wis. 2d 666, 618 N.W.2d 240, we reject the argument raised by Bartol. Thorstad was subjected to a warrantless blood draw, to which he agreed after being informed of Wisconsin's implied consent law. Id., ¶2. Likewise, Bartol acknowledges that she consented to the blood test after Olson read her the Informing the Accused form. In Thorstad, we held that where the requirements under State v. Bohling, 173 Wis. 2d 529, 494 N.W.2d 399 (1993), are met, there is no Fourth Amendment violation when the law enforcement officer chooses to obtain a blood sample under WIS. STAT. § 343.305(3)(a). Thorstad, 238 Wis. 2d 666, ¶17. Blood draws are permissible when the following four requirements are met:
(1) the blood draw is taken to obtain evidence of intoxication from a person lawfully arrested for a drunkdriving related violation or crime, (2) there is a clear indication that the blood draw will produce evidence of intoxication, (3) the method used to take the blood sample is a reasonable one and performed in a reasonable manner, and (4) the arrestee presents no reasonable objection to the blood draw.
Id., ¶7 (citing Bohling, 173 Wis. 2d at 533-34). Bartol attempts to distinguish her case, arguing that her blood test was unreasonable because her offense was civil rather than criminal. Bohling, however, does not support her proposition. On the contrary, in Bohling, our supreme court expressly addressed arrests "for a drunk-driving related violation or crime." Bohling, 173 Wis. 2d at 534 (emphasis added). The phrase "violation or crime" reveals that our supreme court contemplated the application of these requirements to noncriminal offenses.
¶7 Bartol's attempt to extract civil violations from this long-standing analysis contradicts the plain language of Bohling. To successfully argue that Olson's request for a blood sample from Bartol constituted an unreasonable search, Bartol would need to demonstrate that (1) the Bohling requirements have not been met, (2) WIS. STAT. § 343.305 is unconstitutional, or (3) Bohling is unconstitutional. See Thorstad, 238 Wis. 2d 666, ¶10. Bartol fails to argue against the application of Bohling, and she specifically denies challenging the constitutionality of § 343.305.[3]

CONCLUSION
¶8 We conclude that a blood draw taken to obtain evidence of intoxication from a person lawfully arrested for a civil drunk-driving related violation is permissible if all remaining Bohling requirements are also satisfied. Here, Bartol does not contest the three remaining requirements under Bohling. Accordingly, we conclude that all of the requirements were satisfied and Bartol's blood test was reasonable under the Fourth Amendment. See Thorstad, 238 Wis. 2d 666, ¶17.
By the Court.  Judgment affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Bartol made two additional pretrial motions, which are not relevant to this appeal.
[3] Bartol states in her brief that "she is not alleging that the Implied Consent Law is unconstitutional on its face or in its application, but rather, she is alleging that certain actions taken by law enforcement officers under the rubric of the Implied Consent Law are unconstitutional in certain circumstances." Furthermore, Bartol does not include any discussion of or constitutional challenge to State v. Bohling, 173 Wis. 2d 529, 494 N.W.2d 399 (1993).