# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2341-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CT38**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

BRANDON DANIEL MULVENNA,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Crawford County: LYNN M. RIDER, Judge. *Affirmed and cause remanded for further proceedings*.

¶1 FITZPATRICK, P.J.[1] Brandon Mulvenna appeals a Crawford County Circuit Court judgment convicting him of operating a motor vehicle while

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

under the influence of an intoxicant (OWI), third offense. *See* WIS. STAT. § 346.63(1)(a). Mulvenna contends that he was unlawfully arrested, and that the circuit court erred in denying his motion to suppress evidence obtained as a result of his unlawful arrest.[2] I affirm.

## BACKGROUND

¶2 The following material facts are not disputed.

¶3 At approximately 1:30 a.m. on May 9, 2018, Prairie du Chien Police Officer Tony Berg received a call from dispatch informing Berg that a resident of South Wacouta Avenue had contacted dispatch to report that: (1) a man had tipped over his motorcycle; (2) the motorcycle was facing south on the northbound only roadway; (3) the man was attempting to pick up the motorcycle; and (4) the man was possibly impaired. Sure enough, when Officer Berg arrived at the scene, he observed a motorcycle, with its engine off, tipped on its side and facing south on the northbound only roadway. Officer Berg also observed a man, who Berg later identified as Mulvenna, lying in the grass next to the motorcycle, while looking at a cell phone.

¶4 Officer Berg asked Mulvenna for identification. However, Mulvenna refused to identify himself. Officer Berg observed the license plate number on the motorcycle and, from that, learned that the motorcycle was registered to Mulvenna.

---

[2] In both the circuit court and in this appeal, Mulvenna does not identify what evidence should have been suppressed and fails to connect his arrest in any way to the unidentified evidence that he asserts should have been suppressed. I could reject Mulvenna's appeal on that basis alone. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). However, for completeness, I reach Mulvenna's arguments.

In addition, in a brief to this court, counsel for Mulvenna cites to an unpublished per curiam opinion. That opinion has no precedential value and may not be cited to this court even as persuasive authority. *See* WIS. STAT. RULE 809.23(3)(b). If counsel continues to cite to such opinions, he will be subject to sanctions by this court.

Officer Berg smelled the odor of intoxicants coming from Mulvenna and observed that Mulvenna's eyes were bloodshot and his speech was slurred. Officer Berg asked Mulvenna if he had consumed any alcohol, and Mulvenna replied that he had consumed what Mulvenna referred to as "a little bit" of alcohol. Mulvenna also told Officer Berg that he had been drinking in the downtown area of Prairie du Chien and had walked from there to where the motorcycle was located, but denied that he had driven the motorcycle.

¶5     Officer Berg notified Mulvenna that he was being detained pending a possible OWI investigation. Officer Berg handcuffed Mulvenna, conducted a search of Mulvenna's person, read Mulvenna his ***Miranda***[3] rights, and then placed Mulvenna in the rear seat of a police car which was locked from the outside. While Mulvenna was in the police car, Officer Berg went to the house of the person who had contacted dispatch in order to speak with that person.

¶6     After speaking with the reporting party, Officer Berg believed that he had probable cause to arrest Mulvenna for OWI and placed Mulvenna under arrest. At that point, Officer Berg asked Mulvenna if he would be willing to perform field sobriety tests, but Mulvenna declined to do so. Mulvenna was then transported to a hospital for a blood draw, the results of which indicated that Mulvenna had a blood alcohol concentration of .210.

¶7     Mulvenna was charged with OWI, third offense, contrary to WIS. STAT. § 346.63(1)(a). Mulvenna filed a suppression motion requesting that the circuit court suppress "evidence obtained as a result of that illegal arrest." Mulvenna argued that he was effectively arrested, without probable cause, when he was placed in the rear seat of a police car. Following an evidentiary hearing at which Officer

---

[3] *See **Miranda v. Arizona***, 384 U.S. 436 (1966).

3

Berg and Mulvenna testified, the circuit court denied Mulvenna's motion. The court determined that, if Mulvenna was arrested at the point he was placed in the police car, Officer Berg had sufficient probable cause at that time under the totality of the circumstance to arrest Mulvenna for OWI.

¶8 After his motion to suppress was denied, Mulvenna pleaded no contest to one count of OWI, third offense. The circuit court stayed imposition of Mulvenna's sentence pending this appeal.

¶9 Mulvenna appeals. In the discussion below, other material facts will be mentioned.

## DISCUSSION

¶10 I begin by discussing the standards governing the lawful arrest of a defendant and then set forth the standard of review of a denial of a motion to suppress evidence based on an unlawful arrest. I then analyze Mulvenna's arguments and explain why those arguments are rejected.

### I. Governing Legal Principles and Standard of Review.

¶11 A detainee is under arrest from a constitutional perspective when "a reasonable person in the defendant's position would have considered himself or herself to be 'in custody.'" *State v. Swanson*, 164 Wis. 2d 437, 446-47, 475 N.W.2d 148 (1991), *abrogated on other grounds by State v. Sykes*, 2005 WI 48, 279 Wis. 2d 742, 695 N.W.2d 277. In determining whether a reasonable person would have considered himself or herself to be in custody, a court considers the totality of the circumstances such as the suspect's freedom to leave; the purpose, place, and length of the interrogation; and the degree of restraint. *State v. Morgan*, 2002 WI App 124, ¶12, 254 Wis. 2d 602, 648 N.W.2d 23. The test to determine whether a person

4

has been arrested is an objective, rather than subjective, test. *See Swanson*, 164 Wis. 2d at 446. Whether a person is in custody is a question of law that this court reviews de novo. *State v. Mosher*, 221 Wis. 2d 203, 211, 584 N.W.2d 553 (Ct. App. 1998).

¶12    "[F]or [an] arrest to be lawful, probable cause for arrest must exist." *Swanson*, 164 Wis. 2d at 453 n.6. Probable cause for an arrest exists when "the totality of the circumstances within the arresting officer's knowledge would lead a reasonable police officer to believe that the defendant probably committed a crime." *State v. Kutz*, 2003 WI App 205, ¶11, 267 Wis. 2d 531, 671 N.W.2d 660. This standard requires "more than a possibility or suspicion that [the] defendant committed an offense, but the evidence need not reach the level of proof ... that guilt is more likely than not." *State v. Mitchell*, 167 Wis. 2d 672, 681-82, 482 N.W.2d 364 (1992); *see State v. Paszek*, 50 Wis. 2d 619, 625, 184 N.W.2d 836 (1971) (stating that to establish probable cause it is only necessary that the evidence "lead a reasonable officer to believe that guilt is more than a possibility"). When competing reasonable inferences could be drawn, the officer is entitled to rely on the reasonable inference justifying arrest. *Kutz*, 267 Wis. 2d 531, ¶12. The probable cause standard is an objective one, thus the officer's subjective opinion is not relevant. *State v. Kiekhefer*, 212 Wis. 2d 460, 484, 569 N.W.2d 316 (Ct. App. 1997). Whether a set of facts constitutes probable cause is a question of law that is reviewed de novo. *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994).

¶13    When reviewing a circuit court's decision to grant or deny a motion to suppress evidence, this court will uphold the circuit court's findings of fact unless the findings are clearly erroneous, but this court reviews de novo the application of

constitutional principles to the facts. *See State v. Angiolo*, 186 Wis. 2d 488, 494-95, 520 N.W.2d 923 (Ct. App. 1994); *see also* WIS. STAT. § 805.17(2).

## II.  The Point of Arrest.

¶14    Mulvenna argues that various facts would have led a reasonable person in his position to believe that he was under arrest when Officer Berg placed him in the rear seat of the police vehicle.  The State asserts that it "does not concede that [Mulvenna] was under arrest" when Officer Berg put Mulvenna in the rear seat of the police car.  However, for purposes of this appeal I will assume, without deciding, that Mulvenna was under arrest when placed in the back of the police car.

## III.  There Was Probable Cause to Arrest.

¶15    Mulvenna argues that when officer Berg placed him in the rear seat of the police car, Officer Berg lacked probable cause to arrest him for OWI.  I disagree.

¶16    The crime of OWI has two elements:  (1) the defendant drove or operated a motor vehicle on a highway[4]; and (2) the defendant was under the influence of an intoxicant at the time he or she drove or operated the motor vehicle. *See* WIS. STAT. § 346.63(1)(a); *State v. McAllister*, 107 Wis. 2d 532, 535, 319 N.W.2d 865 (1982) (stating that OWI consists of two elements:  driving or operating a motor vehicle; and doing so while under the influence of an intoxicant); *see also* WIS JI—CRIMINAL 2669.

---

[4] A "[h]ighway" is defined in the Wisconsin Statutes as "all public ways and thoroughfares." *See* WIS. STAT. § 340.01(22) (defining words and phrases used in WIS. STAT. chs. 340-349 and 351).

¶17    Mulvenna's argument focuses solely on the first element.[5]    He contends that a police officer in Officer Berg's position would not have reasonably believed that he had recently driven or operated the motorcycle.

¶18    In the drunk driving statutory scheme, the terms "[d]rive" and "[o]perate" are defined differently. "'Drive' means the exercise of physical control over the speed and direction of a motor vehicle while it is in motion." WIS. STAT. § 346.63(3)(a). "'Operate' means the physical manipulation or activation of any of the controls of a motor vehicle necessary to put it in motion." Sec. 346.63(3)(b). I now consider the evidence before Officer Berg at the time he placed Mulvenna in the police vehicle, with these statutory definitions in mind.

- In the early morning hours, a caller notified police that a possibly intoxicated man had tipped over a motorcycle going the wrong direction on a one-way street and was attempting to right the overturned motorcycle.

- When Officer Berg arrived at the scene, Mulvenna was the only person in the vicinity, he was lying in the grass next to the motorcycle, and the motorcycle's engine was off.

---

[5] Mulvenna does not argue on appeal that the circuit court erred in determining that Officer Berg had probable cause to believe that he was intoxicated. Accordingly, I take Mulvenna as conceding that the evidence was sufficient to establish that Officer Berg had probable cause to believe that Mulvenna was intoxicated and do not address that element of the crime of OWI. *See State v. Allen*, 2004 WI 106, ¶27 n.9, 274 Wis. 2d 568, 682 N.W.2d 433 (stating that an issue not raised is deemed forfeited).

However, even if Mulvenna had disputed that element, I would conclude that the evidence was sufficient for Officer Berg to believe that Mulvenna was intoxicated given Officer Berg's observations regarding the odor of intoxicants emanating from Mulvenna, his bloodshot eyes and slurred speech, Mulvenna's admission that he had been drinking, and the fact that the incident occurred at around 1:30 a.m.

- The motorcycle was registered to Mulvenna.

¶19 Mulvenna argues that Officer Berg did not have information that would lead a reasonable police officer to believe that Mulvenna had driven or operated the motorcycle near the time of Mulvenna's arrest because "there was zero indication as to *when* [Mulvenna] had operated [the] motorcycle." (Emphasis added.) Mulvenna suggests that, without direct evidence establishing that Mulvenna had recently driven or operated the motorcycle, Officer Berg lacked the requisite probable cause to believe that Mulvenna had done so. In further support of his argument, Mulvenna points to Officer Berg's testimony that the officer did not subjectively believe he had sufficient information at the time Mulvenna was placed in the rear seat of the police car to reasonably believe that Mulvenna had recently driven or operated the motorcycle. However, the probable cause standard is an objective one, not a subjective one. Thus, Officer Berg's subjective belief does not govern the analysis. *See Kiekhefer*, 212 Wis. 2d at 484.

¶20 The use of circumstantial evidence to prove that a defendant drove or operated a motor vehicle was recognized in *County of Milwaukee v. Proegler*, 95 Wis. 2d 614, 626-28, 291 N.W.2d 608 (Ct. App. 1980); *see* WIS. JI—CRIMINAL 170 ("Circumstantial evidence is evidence from which a jury may logically find other facts according to common knowledge and experience."). Mulvenna hypothesizes all kinds of scenarios about when the motorcycle was left in the wrong lane, and that maybe he left it there earlier in the day when he was sober. Those hypotheticals may go to the question of reasonable doubt at a trial. But, as noted, that is not the much lower standard the circuit court and this court apply in determining if there was probable cause to arrest Mulvenna for operating while intoxicated. A reasonable inference (indeed, the most reasonable inference) is that Mulvenna was driving or operating the motorcycle when it overturned and Mulvenna then

attempted to right the motorcycle but was unable to do so. And, he did all that while intoxicated.

¶21 Accordingly, I agree with the circuit court that a reasonable officer in Officer's Berg's situation would have believed at the time Mulvenna was placed in the back seat of the police car that Mulvenna had driven the motorcycle while intoxicated and, therefore, had probable cause to arrest Mulvenna at that time. I therefore affirm the circuit court's order denying Mulvenna's motion to suppress.

## CONCLUSION

¶22 For the foregoing reasons, the judgment of the circuit court is affirmed, and this matter is remanded to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Judgment affirmed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.