STATE of Wisconsin, Plaintiff-Respondent,

v.

Frank MILES, Defendant-Appellant.†

Court of Appeals

*No. 97–1364–CR. Submitted on briefs May 4, 1998.—Decided July 21, 1998.*

(Also reported in 584 N.W.2d 703.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Craig W. Albee* of *Shellow, Shellow & Glynn, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *David J. Becker*, assistant attorney general.

Before Fine, Schudson and Curley, JJ.

CURLEY, J. Frank Miles appeals from a judgment convicting him of felony possession of tetrahydrocannabinols (THC), a controlled substance, contrary to §§ 161.14(4)(t), 161.01(14), 161.41(3r) and 161.48(2), STATS., 1993–94. The issue on appeal is whether a prior drug conviction is an element of the offense of felony possession of THC, pursuant to §§ 161.41(3r)[1] and 161.48(2),[2] that must be proved at

---

[1] Section 161.41(3r), STATS., 1993–94, provides:

trial beyond a reasonable doubt. Miles contends that both Wisconsin case law and the Due Process Clause require the State to prove the prior drug offense as an element of the crime beyond a reasonable doubt. We conclude that a prior drug conviction is not an element of the offense of felony possession of THC, pursuant to §§ 161.41(3r) and 161.48(2), and that neither state law nor Miles's constitutional right to due process require the State to prove Miles's prior drug conviction at trial beyond a reasonable doubt. Accordingly, we affirm the judgment of conviction.

## I. BACKGROUND.

On February 7, 1996, during a traffic stop, police discovered 4.5 grams of marijuana in a baggie in

---

**161.41 Prohibited acts A—penalties.**

. . . .

(3r) It is unlawful for any person to possess or attempt to possess tetrahydrocannabinols, listed at s. 161.14 (4) (t), unless it was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection may be fined not more than $1,000 or imprisoned for not more than 6 months or both.

[2] Section 161.48(2), STATS., 1993–94, provides:

**161.48 Second or subsequent offenses.**

. . . .

(2) If any person is convicted of a 2nd or subsequent offense under this chapter that is specified in s. 161.41 (1) (cm), (d), (e), (f), (g) or (h), (1m) (cm), (d), (e), (f), (g) or (h), (2r) (b), (3m), (3n), (3p) or (3r), any applicable minimum and maximum fines and minimum and maximum periods of imprisonment under s. 161.41 (1) (cm), (d), (e), (f), (g) or (h), (1m) (cm), (d), (e), (f), (g) or (h), (2r) (b), (3m), (3n), (3p) or (3r) are doubled. A 2nd or subsequent offense under s. 161.41 (3m), (3n), (3p) or (3r) is a felony and the person may be imprisoned in state prison.

Miles's pocket. On February 9, 1996, the State filed a criminal complaint charging Miles with felony possession of THC, pursuant to §§ 161.14(4)(t), 161.01(14), 161.41(3r), STATS. The State filed the action as a felony pursuant to § 161.48(2), STATS., because of Miles's earlier drug conviction. Miles waived his right to a preliminary hearing and brought a motion to dismiss in the trial court. In his motion, Miles argued that because a prior drug conviction is an element of the offense of felony possession of THC, his constitutional right to due process required the State to prove his prior drug conviction at trial beyond a reasonable doubt.[3] The trial court denied Miles's motion. Miles then agreed to waive his right to a jury trial and to proceed to trial on the basis of stipulated facts. The stipulation clearly established that Miles possessed THC, but contained no information regarding his previous conviction for a drug offense. Based upon the stipulated facts, the trial court found Miles guilty of possession of THC as a felony, and again ruled that the State did not need to prove Miles's prior drug conviction at trial beyond a reasonable doubt. The State produced proof of Miles's earlier conviction of misdemeanor possession of THC, which was accepted by the trial court. He was then sentenced to serve twenty days in jail. Miles now appeals.

---

[3] Miles also claimed that § 161.48, STATS., violates the separation of powers principle of the Wisconsin constitution by denying prosecutors the discretion to charge THC possession as a misdemeanor when the defendant has a prior conviction. Miles has abandoned this claim on appeal.

## II. ANALYSIS.

■

 In order to determine whether a prior drug convic-
tion is an element of the offense of felony possession of
THC, which the State needs to prove at trial, we must
interpret §§ 161.41(3r) and 161.48(2), STATS. Interpre-
tation of a statute presents an issue of law, which we
review *de novo. See State v. Wilson,* 170 Wis. 2d 720,
722, 490 N.W.2d 48, 50 (Ct. App. 1992).

 Miles lists several reasons why his conviction was
improper. Distilled to their essence, he makes two
arguments. First, he argues that Wisconsin case law
requires that the prior drug conviction which trans-
forms his misdemeanor charge into a felony charge be
treated as an element of the charge and thus, the prior
drug conviction must be proven at trial beyond a rea-
sonable doubt. Second, he argues that if state law does
not require the State to prove his earlier drug convic-
tion as an element of the crime, it violates his
constitutional right to due process. We conclude that
neither state law nor Miles's constitutional right to due
process required the State to prove Miles's prior drug
conviction at trial. Accordingly, we affirm.

 *A. Whether state law required proof of Miles's
prior drug conviction at trial.*

 Miles argues that state law requires the State to
prove his prior drug conviction at trial beyond a reason-
able doubt in order to convict him of possession of THC
as a felony. We are not persuaded.

 No Wisconsin decision has directly addressed
whether the State is required to prove a prior drug
conviction at trial in order to convict a defendant of
possession of THC as a felony, pursuant to

§§ 161.41(3r) and 161.48, STATS. But in *State v. McAllister*, 107 Wis. 2d 532, 319 N.W.2d 865 (1982), the Wisconsin Supreme Court addressed an almost identical issue: "whether prior violations of sec. 346.63(1), STATS. [1979–80], are elements of the crime of driving or operating a motor vehicle while under the influence of an intoxicant or a controlled substance, thereby requiring that the question of their existence be submitted to the jury." *Id.* at 532–33, 319 N.W.2d at 866. The court concluded that the prior violations were not elements. Section 346.65(2), STATS., 1979–80, provided that a person who violated § 346.63(1) was subject to a fine of not less than $100 nor more than $500. *See* § 346.65(2), STATS., 1979–80. A prior violation of § 346.63(1) or revocation under § 343.305, STATS., 1979–80, within a five-year period, however, increased the penalty to a fine of not less than $250 nor more than $1000 and imprisonment for not less than 5 days nor more than 6 months. *See* § 346.65(2). Additional prior violations or revocations further increased the penalties. *See id.* Because the first prior violation increased the penalty from a forfeiture to a fine and imprisonment, it had the effect of converting what would have been a civil offense into a criminal one. *See* § 939.12, STATS.[4] Despite this drastic change in penalty, the *McAllister* court concluded that the State was not required to prove the existence of prior violations of § 346.63(1) at trial beyond a reasonable doubt. *See McAllister*, 107 Wis. 2d at 532–33, 538, 319 N.W.2d at 866, 868.

---

[4] Section 939.12, STATS., provides:

**939.12 Crime defined.** A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime.

The *McAllister* court began its analysis by noting that the "graduated penalty structure" contained in § 346.65(2), STATS., "is nothing more than a penalty enhancer similar to a repeater statute which does not in any way alter the nature of the substantive offense, *i.e.*, the prohibited conduct, but rather goes only to the question of punishment." *Id.* at 535, 319 N.W.2d at 867. The court then surveyed a number of cases in which it had reached similar conclusions with respect to other repeater statutes. *See id.* at 535–38, 319 N.W.2d at 867–68. Significant to the outcome of this case, in the course of that survey, the court expressly addressed the repeater statute at issue in this case, § 161.48, STATS., finding that it did not create a separate crime.

> This court characterized sec. 161.48, Stats., prescribing enhanced punishment for second and subsequent violations of the Uniform Controlled Substances Act, as a repeater statute, in *Olson v. State*, 69 Wis. 2d 605, 608, 230 N.W.2d 634 (1975), wherein the court held: "[T]hat while the repeater provision authorizes stiffer sentences, it does not itself create a crime and cannot support a separate and independent sentence."

*McAllister*, 107 Wis. 2d at 536, 319 N.W.2d at 867 (footnote omitted) (alteration in original).

After completing its survey, the court, drawing on the law generally applicable to repeater statutes, reached the conclusion that repeater and penalty enhancers were not separate elements.

> The legislative directive concerning the law of repeater and penalty enhancers is clear and has been upheld by this court. The application and impact of such provisions has been repeatedly defined. Consistent with this development of the law, we hold that the fact of a prior violation, civil or

criminal, is not an element of the crime of OMVWI either in the ordinary sense of the meaning of the word element, *i.e.*, the incidents of conduct giving rise to the prosecution, or in the constitutional sense.

The defendant argues that since he cannot be convicted of this crime unless there has been a previous civil or criminal conviction of the same offense, the previous conviction is an element of the offense and must be proven beyond a reasonable doubt to the jury. We reject that argument and rule that the previous conviction of sec. 346.63(1), Stats., whether civil or criminal, is not an element of the offense.

*Id.* at 538, 319 N.W.2d at 868.

In *State v. Villarreal*, 153 Wis. 2d 323, 450 N.W.2d 519 (Ct. App. 1989), the court of appeals summarized *McAllister* as holding "that a repeater allegation which increases the penalty for a particular crime, but does not change the nature of the crime, is not an essential element of the substantive offense charged. . .but rather [is a] penalty enhancer[ ] which [does] not require jury determination." *Id.* at 327, 450 N.W.2d at 521. *McAllister*'s holding is equally applicable to this case. Although § 161.48, STATS., did increase the penalty for Miles's crime of possession of THC from a misdemeanor to a felony, it did not change the substantive nature of the crime. Therefore, the State was not required to prove Miles's prior drug conviction at trial beyond a reasonable doubt.

Despite *McAllister*'s holding, Miles contends that, in his case, his prior drug conviction needed to be determined by the jury. In support of his contention, Miles cites a number of Wisconsin cases holding that the penalty enhancers or prior convictions at issue in those

cases needed to be proved beyond a reasonable doubt at trial. As the State points out, however, Miles ignores a critical distinction which Wisconsin case law draws between the two different types of penalty enhancers. In light of this distinction, all of the cases cited by Miles are inapposite.

Miles fails to recognize the distinction between the two types of penalty enhancers. The first type of penalty enhancer concerns facts or circumstances related to the underlying crime which alter the substantive nature of the charged offense. Penalty enhancers in this group include enhancers for committing crimes: while armed with a dangerous weapon under § 939.63, STATS.; with one's identity concealed under § 939.641, STATS.; or, in the case of certain drug offenses, within 1,000 feet of a school or other described premises under § 161.49, STATS., 1993–94. These enhancers become an element of the underlying offense, and the defendant has a right to a jury determination. *See State v. Carrington*, 134 Wis. 2d 260, 268–70, 397 N.W.2d 484, 488 (1986) (penalty enhancer for committing crime while armed with a dangerous weapon); *Schroeder v. State*, 96 Wis. 2d 1, 6–7, 291 N.W.2d 460, 462–63 (1980) (penalty enhancer for committing crime while concealing identity); *State v. Williams*, 186 Wis. 2d 506, 509–10, 520 N.W.2d 920, 921 (Ct. App. 1994), *rev'd on other grounds*, 198 Wis. 2d 479, 544 N.W.2d 400 (1996) (penalty enhancer for committing certain drug offenses within 1,000 feet of certain described premises).

In contrast, the repeater provisions form a second, entirely different group of penalty enhancers. This group includes the penalty enhancers for habitual criminality, under § 939.62, STATS.; second and subsequent offense drunk driving under § 346.65(2), STATS.; and repeat drug offenses under § 161.48, STATS.,

1993–94. These repeater penalty enhancers do not concern the factual circumstances surrounding the underlying crime, and do not change the substantive nature of the charged offense. Unlike the first group of penalty enhancers, repeat offender status merely increases the penalty for the charged offense without changing the substantive nature of the charged offense.

The distinction between these two types of penalty enhancers was recognized by this court in *Villarreal*. In that case, we clearly distinguished between repeater provisions which do not alter the substantive nature of the charged offense and do not need to be proved at trial, and penalty enhancers that do alter the substantive nature of the charged offense, such as the enhancers for use of a dangerous weapon, and concealing identity, which do need to be proved at trial. *See id.* at 327–30, 450 N.W.2d at 521–22. A number of the cases which Miles has cited concern enhancers of the latter type and are, therefore, distinguishable from the instant case which concerns an enhancer of the former type.[5]

---

[5] The cases which Miles has cited in this respect include: *State v. Carrington*, 134 Wis. 2d 260, 397 N.W.2d 484 (1986) (penalty enhancer for committing crime while armed with a dangerous weapon); *White v. State*, 85 Wis. 2d 485, 271 N.W.2d 97 (1978) (value in theft case); *Sartin v. State*, 44 Wis. 2d 138, 170 N.W.2d 727 (1969) (value in theft case); *Heyroth v. State*, 275 Wis. 104, 81 N.W.2d 56 (1957) (value in theft case); *State v. Clementi*, 224 Wis. 145, 272 N.W. 29 (1937) (value in theft case); *State v. Koch*, 126 Wis. 470, 106 N.W. 531 (1906) (value in theft case); *State v. Williams*, 186 Wis. 2d 506, 520 N.W.2d 920 (Ct. App. 1994); *rev'd on other grounds*, 198 Wis. 2d 479, 544 N.W.2d 400 (1996) (penalty enhancer for committing certain drug offenses within 1,000 feet of certain described premises).

Miles also attempts to distinguish his case from other Wisconsin cases on the basis that, in his case, his prior drug conviction will convert the offense of possession of THC from a misdemeanor to a felony. Miles essentially argues that even if Wisconsin case law, in situations involving repeater provisions, does not generally require the State to prove the existence of prior convictions at trial, the State should be required to prove the existence of a prior drug conviction at trial when, as here, the offense will be converted from a misdemeanor to a felony. *McAllister*, however, undercuts Miles's argument because in that case the prior conviction had the more drastic effect of converting what would otherwise have been a civil offense punishable only by a forfeiture into a criminal one with the potential penalty of imprisonment. *See id.* at 534 n.2, 319 N.W.2d at 866 n.2. Therefore, Wisconsin law does not require proof of Miles's prior drug conviction at trial simply because his prior conviction converts his offense from a misdemeanor to a felony. Thus, we conclude that Wisconsin case law did not require the State to prove Miles's prior drug conviction at trial beyond a reasonable doubt.

*B. Whether Miles's constitutional right to due process required proof of Miles's prior drug conviction at trial.*

Miles argues that if Wisconsin law did not require the State to prove his prior drug conviction at trial beyond a reasonable doubt, Wisconsin law violates his constitutional right to due process. Again, we are not persuaded.

██

The Due Process Clause "requires the prosecution to prove beyond a reasonable doubt all of the elements

included in the definition of the offense of which the defendant is charged." *Patterson v. New York*, 432 U.S. 197, 210 (1977). Miles argues that, in this case, the Due Process Clause required the State to prove at trial beyond a reasonable doubt the fact that he was previously convicted of a drug offense. In *McAllister*, however, the Wisconsin Supreme Court rejected essentially the identical constitutional argument which Miles now makes on appeal. In *McAllister*, the court held:

> There is no inherent unfairness in considering previous convictions as penalty enhancers rather than as an element of the charged offense. As the United States Supreme Court stated in *Patterson v. New York, supra*, 432 U.S. at 210, 97 S.Ct. at 2327: "Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch."

> The Supreme Court has explicitly acknowledged the wide leeway states have always been accorded in administering repeater statutes and in dividing responsibility between the judge and jury in criminal cases. *Spencer v. Texas*, 385 U.S. 554, 560, 565–69, 87 S.Ct. 648, 651, 654–656, 17 L.Ed.2d 606 (1967).

> There is no presumption of innocence accruing to the defendant regarding the previous conviction or convictions; such convictions have already been determined in the justice system and the defendant was protected by his rights in those actions.

> The defendant does have an opportunity to challenge the existence of the previous penalty-enhancing convictions before the judge prior to sentencing. However, the convictions may be proven by

certified copies of conviction or other competent proof offered by the state before sentencing.

*McAllister*, 107 Wis. 2d at 538–39, 319 N.W.2d at 868–69. As noted, Miles's prior conviction transformed his offense from a misdemeanor to a felony. In contrast, McAllister's prior conviction transformed his offense from a simple civil forfeiture into a crime. If state law did not violate McAllister's constitutional rights to due process, Miles cannot reasonably argue that state law violates his constitutional right to due process. Therefore, we conclude that Miles's constitutional right to due process did not require the State to prove his prior drug conviction at trial.

## III. CONCLUSION.

In conclusion, in order to convict Miles of felony possession of THC, contrary to §§ 161.41(3r) and 161.48(2), STATS., the State was required neither by state law nor by Miles's constitutional right to due process, to prove at trial beyond a reasonable doubt the existence of Miles's prior drug convictions. Therefore, we affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.