STATE of Wisconsin, Plaintiff-Respondent,

v.

Calvin E. GIBSON, Defendant-Appellant.†

Court of Appeals

No. 99–2612–CR. Submitted on briefs June 26,
2000.—Decided August 2, 2000.

2000 WI App 207

(Also reported in 618 N.W.2d 248.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margaret A. Maroney,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, P.J. The question presented is whether the habitual criminality enhancer may be applied to a conviction for a second offense felony of firearm possession. Calvin E. Gibson, who was convicted of being a felon in possession of a firearm, second offense, with a repeater enhancer, argues that the application of both the criminal and repeater statutes is "double enhancement," which this court prohibited in *State v. Ray,* 166 Wis. 2d 855, 873, 481 N.W.2d 288 (Ct. App. 1992). We hold that WIS. STAT. § 941.29(2m) (1997–98),[1] the "second offense felon in possession" statute, creates its own separate offense. Because it is a

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

separate crime and not a penalty enhancer, it will support the application of the habitual criminality statute. We affirm.

¶ 2. The facts are not in dispute. Gibson was walking with a companion on August 26, 1998. Because the police were familiar with the companion due to an earlier weapon violation, they ordered the two to stop. Gibson fled. As Gibson was climbing over a fence, an officer saw a handgun fall from his waistband. The State charged Gibson with second offense possession of a firearm by a felon as a repeater and with obstructing an officer. *See* WIS. STAT. §§ 941.29(2m), 939.62, 946.41(1). Gibson moved to dismiss the habitual offender allegation, arguing that its application is improper when repeater statutes are an element of the underlying offense. When the trial court denied his motion, Gibson pled no contest. After having his argument rejected yet again by an order denying postconviction relief, Gibson brings his argument to this court.

■

¶ 3. Whether the habitual criminality statute may be applied to second offense felon in possession of a firearm is a question of statutory interpretation we answer without deference to the trial court. *See Ray*, 166 Wis. 2d at 872.

¶ 4. Before discussing the parties' arguments and our analysis, we initially set forth the statutes at issue. WISCONSIN STAT. § 941.29(2)(a) makes it a Class E felony for a person who has been convicted of a felony to possess a firearm. Subsection (2m) states: "Whoever violates this section after being convicted under this section is guilty of a Class D felony." Section 941.29(2m). WISCONSIN STAT. § 939.62 is the general repeater statute, entitled **"Increased penalty for**

**habitual criminality."** The beginning of subsec. (1) explains: "If the actor is a repeater . . . the maximum term of imprisonment prescribed by law for that crime may be increased as follows." Section 939.62(1). The statute goes on to set forth the levels of enhancement for different maximum terms.

¶ 5. Gibson bases his argument on *Ray* and *State v. Miles*, 221 Wis. 2d 56, 584 N.W.2d 703 (Ct. App. 1998), *review denied*, 222 Wis. 2d 674, 589 N.W.2d 628 (Wis. Dec. 8, 1998) (No. 97–1364–CR). In *Ray*, the defendant was convicted of conspiracy to deliver cocaine. The trial court then doubled the maximum sentence pursuant to WIS. STAT. § 161.48(2) (1987–88).[2] That statute specifies certain drug crimes for which the fines and terms of imprisonment are doubled if the person has been previously convicted under the chapter. Additionally, the trial court applied the general repeater statute, *see* WIS. STAT. § 939.62 (1987–88). We held that "both enhancement statutes may not be applied together for one conviction." *Ray*, 166 Wis. 2d at 873.

¶ 6. In *Miles*, the defendant was convicted of possession of marijuana. *See Miles*, 221 Wis. 2d at 57. Under the relevant statute, the maximum term of imprisonment was six months. *See* WIS. STAT. § 161.41(3r) (1993–94). Because it was Miles's second conviction, the State filed the action as a felony, using WIS. STAT. § 161.48(2) (1993–94) to double the maximum sentence and bump it up to one year. *See id.*; *see also State v. Denter*, 121 Wis. 2d 118, 121 n.6, 357 N.W.2d 555 (1984) (crimes punishable by imprisonment for one year or more are felonies). Miles argued that his prior conviction had to be proved at trial as an

---

[2] The current version of this statute is WIS. STAT. § 961.48(2).

element of felony possession of marijuana. The court concluded that a penalty enhancer which does not "concern the factual circumstances surrounding the underlying crime" does not add an element to the offense which must be proved at trial. *See Miles*, 221 Wis. 2d at 65.

¶ 7. Gibson argues that *Ray* and *Miles* dictate that the general repeater statute cannot be applied to second-offense felon in possession. Here is his argument: *Ray* says the trial court may not apply two enhancers—it is one or the other, not both. In the present case, according to Gibson, "[t]he circuit court ruled the *Ray* analysis was inapplicable because two enhancers were involved. The 'second offense' is an element, the court ruled, not an enhancer." But, Gibson continues, *Miles* says that the prior offense is not an element. In sum, "[T]he State cannot prevail in *Miles* because the repeater status **was not** an element and also prevail in this case because the repeater status **is** an element."

¶ 8. The flaw in Gibson's argument lies in the different nature of the statutes at issue. The enhancers in *Ray* and *Miles* did nothing but enhance another statute. WISCONSIN STAT. § 961.48(2), the current and substantively unchanged version of the statute at issue in *Ray* and *Miles*, refers to the doubling of fines and periods of confinement imposed by other statutes. Similarly, WIS. STAT. § 939.62 speaks to increasing the maximum term prescribed by other statutes. Neither creates a crime in and of itself. In contrast, WIS. STAT. § 941.29(2m) defines a crime, one element of which is that the offender has been convicted under the same section before. True, we held the prior conviction not to be an element of the offense in *Miles*, but that is because the enhancer in *Miles* is a true enhancer, not a

crime all on its own. Here, the prior conviction is written into the crime itself, just as a prior conviction is written into § 941.29(2), which criminalizes possession of a firearm by a felon. The elements of that crime are a prior felony conviction and possession of a firearm. *See State v. Jones*, 142 Wis. 2d 570, 576, 419 N.W.2d 263 (Ct. App. 1987). Subsection (2m) just adds one more element. Under that subsection, the elements are a prior felony conviction, possession of a firearm and a prior conviction of felon in possession. Our affirmance today conflicts with neither *Miles* nor *Ray*.

¶ 9. Nor does our holding conflict with *State v. McAllister*, 107 Wis. 2d 532, 538–39, 319 N.W.2d 865 (1982), where our supreme court held that prior violations of the operating while intoxicated statute need not be proved as elements for the purpose of applying WIS. STAT. § 346.65 to determine the penalty. In WIS. STAT. ch. 346, the legislature first, in WIS. STAT. § 346.63, defined operating while intoxicated. It then went on, in § 346.65, to prescribe a graduated penalty scheme. But, this "graduated penalty structure is nothing more than a penalty enhancer similar to a repeater statute which does not in any way alter the nature of the substantive offense, *i.e.*, the prohibited conduct, but rather goes only to the question of punishment." *McAllister*, 107 Wis. 2d at 535. Like WIS. STAT. §§ 939.62 and 961.48, § 346.65 refers to a different statute altogether and defines penalties for that crime. Here, WIS. STAT. § 941.29(2m) adds one more element to the general crime described by § 941.29(2); it does not take another statute and build upon it, but rather it builds upon itself.

¶ 10. We are satisfied that the legislature meant for a prior conviction of possessing a firearm while being a felon under WIS. STAT. § 941.29(2m) to be an

element of the crime. As pointed out by the State, when a felon is first convicted for possessing a firearm, the felon is subject to a maximum of two years' imprisonment for violating a Class E felony, along with repeater exposure of six years' imprisonment pursuant to WIS. STAT. § 939.62(1)(b). Thus, the total exposure for a first time offender, reading WIS. STAT. §§ 941.29(2) and 939.62(1)(b) together, would be eight years. However, if we were to accept Gibson's interpretation of the statute, a second offense—which brings a maximum of five years' imprisonment for violating a Class D felony—would not be subject to the repeater enhancer and the maximum exposure would remain at five years. Thus, a first-time offender would face three more years of maximum prison exposure than a second-time offender.

¶ 11.   We cannot believe that this is what the legislature intended. Instead, we believe that the legislature meant to increase the exposure for those who had not learned their lesson the first time. Therefore, we are convinced that first-time offenders are exposed to two years plus six years for a total of eight years and that second-time offenders are exposed to five years plus six years for a total of eleven years. To read it any other way would be absurd; we will construe a statute so as to avoid an absurd or unreasonable result. *See J.A.L. v. State,* 162 Wis. 2d 940, 963, 471 N.W.2d 493 (1991).

¶ 12.   In summary, WIS. STAT. § 941.29(2m) is not in the nature of a penalty enhancer. Rather, it defines an additional element of the crime described in § 941.29(2). Thus, it was proper for the trial court to

apply the general repeater statute to Gibson in this case.

*By the Court.*—Judgment and order affirmed.