STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeffrey A. WARBELTON, Defendant-Appellant.†

Court of Appeals

*No. 2007AP105–CR. Submitted on briefs November 15, 2007.
—Decided February 20, 2008.*

2008 WI App 42

(Also reported in 747 N.W.2d 717.)

† Petition to review granted 6/10/08.

459

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul G. LaZotte,* assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. Should a jury be allowed to hear evidence that a defendant has stipulated to having a previous conviction for a violent crime and should it be instructed to make a finding on that matter when the defendant is on trial for a charge of stalking, "while having a previous conviction for a violent crime" (as defined in WIS. STAT. § 939.632(1)(e)1. (2001–02))[1] in violation of WIS. STAT. § 940.32(2) and (2m)(a)? Under the facts of this case, the trial court answered "yes" to both questions. Jeffrey A. Warbelton contends that we should vacate all convictions before us because evidence that he had a previous conviction for a violent crime was improperly admitted and because the jury should not have been instructed to decide whether Warbelton had such a previous conviction. We do not agree and affirm the trial court. Warbelton's prior criminal history is an aggravating factor, not a penalty enhancer, and

---

[1] The trial court instructed the jury in accordance with the 2001–02 version of the Wisconsin Statutes, as amended by 2001 Wis. Act 109, which took effect on February 1, 2003. All references to the Wisconsin Statutes are to the 2001–02 version, as amended by 2001 Wis. Act 109, unless otherwise noted.

461

therefore it is an element of the crime; further, under the facts of this case, it was not error for the trial court to admit the evidence at trial, nor was it error to instruct the jury to make a finding on that matter.

¶ 2. The facts are not in dispute. In November 2005, Warbelton had a three-day jury trial on twelve criminal charges filed in three Winnebago county cases: Case Nos. 2004CF634, 2005CF462 and 2004CF227. The trial court dismissed the five crimes charged in Case Nos. 2004CF634 and 2005CF462 after the jury found Warbelton not guilty. In Case No. 2004CF227, the State filed an amended information that charged Warbelton with a total of seven crimes, each as a repeater.[2] In this case, he was convicted of six of the seven counts. At issue is his conviction for the count of stalking, "with a

_____

[2] The seven counts charged in Case No. 2004CF227 were as follows:

Count One alleged that from June 1, 2003, through May 9, 2005, Warbelton committed the offense of stalking with a previous conviction for a violent crime, in violation of Wis. Stat. § 940.32(2m)(a) and 939.62(1)(b).

Count Two alleged that on October 31, 2003, Warbelton committed telephone harassment, in violation of Wis. Stat. § 947.012(1)(a).

Count Three alleged that on February 22, 2004, Warbelton committed disorderly conduct, in violation of Wis. Stat. § 947.01.

Count Four alleged that on February 25, 2004, Warbelton committed disorderly conduct, in violation of Wis. Stat. § 947.01.

Count Five alleged that on February 27, 2004, Warbelton committed criminal trespass to a dwelling, in violation of Wis. Stat. § 943.14.

Count Six alleged that on February 27, 2004, Warbelton committed criminal damage to property, in violation of Wis. Stat. § 943.01(1).

Count Seven alleged that on February 27, 2004, Warbelton committed disorderly conduct in violation of Wis. Stat. § 947.01.

previous conviction for a violent crime," in violation of Wis. STAT. .§ 940.32(2) and (2m)(a).

¶ 3. Before trial and before the jury was brought into the courtroom, the trial court and the parties discussed whether Warbelton planned to stipulate to the fact that he had "a previous conviction for a violent crime" within the meaning of Wis. STAT. § 940.32(2m)(a). Regarding this matter, Warbelton's defense counsel stated:

> We would not only stipulate to that but we would waive our right to a jury trial on that particular issue. I believe the nature of that element is more in the nature of a penalty enhancer rather than in what's typically a jury determination. We would be willing to stipulate not only to the prior acts but it's our position we would waive the jury trial on that particular issue.

¶ 4. The trial court then asked Warbelton whether he wanted to waive a jury trial on the question of whether he had a previous conviction for a violent crime. Warbelton confirmed that he did. The trial court then stated: "The court will find that the defendant is waiving his right to a jury trial with respect to the issue of—the additional element of establishing conviction of a violent crime, and therefore, I'll accept the waiver and will not try that issue."

¶ 5. The State took issue with the trial court's initial ruling:

> Judge, one issue is that I believe the State needs to consent to a waiver of the jury trial .... So I believe that the consent of the State would be required to have a waiver of a jury trial on that issue as well, and at this point in time the State's not willing to waive the right to jury trial on that issue.

¶ 6. Warbelton's defense counsel then argued that the issue of whether Warbelton had a previous conviction for a violent crime was not a question for the jury to answer: "I think, though, the nature of this particular provision of the statute is more in the nature of the repeater statute which permits enhanced penalties upon proof of a conviction rather than this being an element of the offense . . . ."

¶ 7. Changing its initial ruling, the trial court ultimately accepted the State's position: "Obviously, the State doesn't consent; and therefore, I guess we'll have the jury decide that." After this ruling, both parties stipulated that Warbelton had "a previous conviction for a violent crime." Warbelton's defense counsel stated: "Your Honor, I'd agree, subject to our objections of the whole idea of Mr. Warbelton having a prior conviction [for a violent crime] being presented to the jury as an element of the offense, that that would be the appropriate way to do it. We would consent to that."

¶ 8. Given the trial court ruling, evidence was admitted of the parties' stipulation that Warbelton had a previous conviction for a violent crime. In addition, by way of a verdict question, the jury was instructed to decide whether Warbelton had a previous conviction for a violent crime. The jury found that he did.

¶ 9. On September 12, 2006, Warbelton filed a motion for postconviction relief. In that motion, he asked the trial court to vacate his six convictions. As grounds for doing so, Warbelton argued that the court erred when it admitted evidence that he had a previous conviction for a violent crime, and when it instructed the jury to decide whether he had a previous conviction for a violent crime.

¶ 10. After considering the parties' written arguments the trial court denied Warbelton's motion for postconviction relief.

¶ 11. Warbelton appeals. On appeal, Warbelton reasserts that the trial court erred in admitting evidence of his previous conviction for a violent crime. He insists that the elements of the substantive crime are set forth in WIS. STAT. § 940.32(2) and that subsec. (2m)(a) is a penalty enhancer. Based on his contention that his previous conviction for a violent crime is a penalty enhancer and not a substantive element of the crime, he argues it was error to allow the evidence to go to the jury.

¶ 12. In the alternative, Warbelton argues that if his previous conviction for a violent crime was a substantive element, the evidence of such should not have been submitted to the jury. He cites to *State v. Alexander*, 214 Wis. 2d 628, 571 N.W.2d 662 (1997), in support of his argument.

¶ 13. Statutory interpretation begins with the statute's text; we give the text its common, ordinary, and accepted meaning, except that we give technical or specially defined words their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context within which it is used, "not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. In construing a statute, we are to give deference to the policy choices made by the legislature in enacting the law. *Id.*, ¶ 44. We also consider the scope, context and structure of the statute itself. *Id.*, ¶¶ 46, 48. If this process of analysis

yields a plain meaning, then there is no ambiguity and we apply that plain meaning. *Id.*, ¶ 46.

¶ 14. WISCONSIN STAT. § 940.32, as amended by 2001 Wis. Act 109, provides in relevant part:

**Stalking.**

. . . .

(2) Whoever meets all of the following criteria is guilty of a Class I felony:

(a) The actor intentionally engages in a course of conduct directed at a specific person that would cause a reasonable person under the same circumstances to fear bodily injury to or the death of himself or herself or a member of his or her family or household.

(b) The actor intends that at least one of the acts that constitute the course of conduct will place the specific person in reasonable fear of bodily injury to or the death of himself or herself or a member of his or her family or household.

(c) The actor's acts induce fear in the specific person of bodily injury to or the death of himself or herself or a member of his or her family or household.

. . . .

(2m) Whoever violates sub. (2) is guilty of a Class H felony if any of the following applies:

(a) The actor has a previous conviction for a violent crime, as defined in s. 939.632(1)(e)1., or a previous conviction under this section or s. 947.013(1r), (1t), (1v), or (1x).

(b) The actor has a previous conviction for a crime, the victim of that crime is the victim of the present violation of sub. (2), and the present violation occurs within 7 years after the prior conviction.

(c) The actor intentionally gains access or causes another person to gain access to a record in electronic format that contains personally identifiable information regarding the victim in order to facilitate the violation.

(d) The person violates s. 968.31(1) or 968.34(1) in order to facilitate the violation.

(e) The victim is under the age of 18 years at the time of the violation.

**(3)** Whoever violates sub. (2) is guilty of a Class F felony if any of the following applies:

. . . .

(c) The actor uses a dangerous weapon in carrying out any of the acts listed in sub. (1)(a)1. to 9.

¶ 15. First, we reject Warbelton's argument that his prior conviction is not an element of the stalking offense of which he was convicted, i.e., the Class H felony set out in WIS. STAT. § 940.32(2m)(a). We are not persuaded by Warbelton's claim that his prior conviction "is akin to the penalty enhancers for being a 'repeater' or 'persistent repeater' under WIS. STAT. § 939.62."[3] He likens § 940.32(2m)(a) to § 939.62, which addresses increased penalties for habitual criminality,

---

[3] WISCONSIN STAT. § 939.62 provides in relevant part:

**Increased penalty for habitual criminality. (1)** If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed, except for an escape under s. 946.42 or a failure to report under s. 946.425, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

. . . .

467

and asserts that the otherwise-available maximum sentence for the underlying substantive crime in both

(2) The actor is a repeater if the actor was convicted of a felony during the 5–year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that the actor was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5–year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

(2m)

. . . .

(b) The actor is a persistent repeater if one of the following applies:

1. The actor has been convicted of a serious felony on 2 or more separate occasions at any time preceding the serious felony for which he or she presently is being sentenced under ch. 973, which convictions remain of record and unreversed and, of the 2 or more previous convictions, at least one conviction occurred before the date of violation of at least one of the other felonies for which the actor was previously convicted.

2. The actor has been convicted of a serious child sex offense on at least one occasion at any time preceding the date of violation of the serious child sex offense for which he or she presently is being sentenced under ch. 973, which conviction remains of record and unreversed.

(bm) For purposes of counting a conviction under par. (b), it is immaterial that the sentence for the previous conviction was stayed, withheld or suspended, or that the actor was pardoned, unless the pardon was granted on the ground of innocence.

(c) If the actor is a persistent repeater, the term of imprisonment for the felony for which the persistent repeater presently is being sentenced under ch. 973 is life imprisonment without the possibility of parole or extended supervision.

(d) If a prior conviction is being considered as being covered under par. (a)1m.b. or 2m.d. as comparable to a felony specified

468

statutes is increased due to the perpetrator's prior record, rather than any action that is part of the new criminal activity, such as using a dangerous weapon within the meaning of WIS. STAT. § 939.63[4] or § 940.32(3)(c). He then argues that, "like the 'repeater' and 'persistent repeater' enhancers set forth in WIS. STAT. § 939.62, the 'previous conviction for a violent crime' " language in § 940.32(2m)(a) "is a penalty enhancer based on the defendant's prior record, that is, a legal status penalty enhancer. As such, it does not

---

under par. (a)1m.a. or 2m.a., b. or c., the conviction may be counted as a prior conviction under par. (b) only if the court determines, beyond a reasonable doubt, that the violation relating to that conviction would constitute a felony specified under par. (a)1m.a. or 2m.a., b. or c. if committed by an adult in this state.

[4] WISCONSIN STAT. § 939.63:

**Penalties; use of a dangerous weapon. (1)** If a person commits a crime while possessing, using or threatening to use a dangerous weapon, the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) The maximum term of imprisonment for a misdemeanor may be increased by not more than 6 months.

(b) If the maximum term of imprisonment for a felony is more than 5 years or is a life term, the maximum term of imprisonment for the felony may be increased by not more than 5 years.

(c) If the maximum term of imprisonment for a felony is more than 2 years, but not more than 5 years, the maximum term of imprisonment for the felony may be increased by not more than 4 years.

(d) The maximum term of imprisonment for a felony not specified in par. (b) or (c) may be increased by not more than 3 years.

**(2)** The increased penalty provided in this section does not apply if possessing, using or threatening to use a dangerous weapon is an essential element of the crime charged.

**(3)** This section applies only to crimes specified under chs. 939 to 951 and 961.

define any element of a substantive crime that requires proof beyond a reasonable doubt to a jury."

¶ 16. Warbelton looks to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as support for his contention that his prior conviction was not an element of the stalking offense because *Apprendi* holds, as a constitutional matter, that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490.

¶ 17. We do not view *Apprendi* as helping Warbelton advance his argument and hold that a "previous conviction for a violent crime" is an element of the Class H felony stalking offense set out in WIS. STAT. § 940.32(2m)(a). With regard to *Apprendi*, we agree with the State that its holding conveys that it would have been constitutionally permissible for the Wisconsin legislature, had it chosen to do so, to remove the "previous conviction for a violent crime" from the elements of the offense proscribed in § 940.32(2m)(a) and to allow the trial court to decide, as part of the sentencing process, whether the prior conviction existed. *Apprendi* does not create a constitutional test for determining what the elements of a particular offense are. Rather, it sets out a test for determining what facts must be determined by the jury and proved beyond a reasonable doubt, whether or not those facts are elements of the offense.

¶ 18. Moreover, determining the elements of an offense is not a matter of constitutional law, but rather a matter of legislative mandate. As the United States Supreme Court has stated: "The definition of the elements of a criminal offense is entrusted to the legislature." *Liparota v. United States*, 471 U.S. 419, 424 (1985); *Dixon v. United States*, 126 S. Ct. 2437, 2442 (2006).

¶ 19. In fact, the statutory language of WIS. STAT. § 940.32 explicitly demonstrates that our Wisconsin legislature has determined that a "previous conviction for a violent crime" is an element of the stalking offense proscribed in § 940.32(2m)(a). Section 940.32 carefully sets out different fact situations which aggravate the offense of stalking. While we acknowledge that some of the scenarios are status-type factors, as Warbelton submits, many of the scenarios *are not*. We also consider it significant that, while penalty-enhancer statutes give the sentencing court the *discretion* to increase or not to increase the penalty, § 940.32(2m)(a) does not give such discretion. We conclude that the legislature meant subsec. (2m)(a) to convey that a "previous conviction for a violent crime" is a substantive element of the Class H felony stalking offense, not a penalty enhancer.

¶ 20. Our conclusion is further supported by our analysis in *State v. Gibson*, 2000 WI App 207, 238 Wis. 2d 547, 618 N.W.2d 248. In *Gibson*, the question was "whether the habitual criminality enhancer [provided in WIS. STAT. § 939.62] may be applied to a conviction for a second offense felony of firearm possession," i.e., "second offense possession of a firearm by a felon [in violation of WIS. STAT. § 941.29(2m)]."[5] *Gibson*, 238 Wis. 2d 547, ¶¶ 1, 2. Section 941.29(2m) provided as follows: "Whoever violates this section after being convicted under this section is guilty of a Class D felony."

¶ 21. The defendant in *Gibson* argued that "application of both the criminal [i.e., WIS. STAT. § 941.29(2m)] and repeater [i.e., WIS. STAT. § 939.62] statutes is 'double enhancement,' which this court pro-

[5] WISCONSIN STAT. § 941.29(2m) no longer exists. It was repealed by 2001 Wis. Act 109, effective February 1, 2003.

471

hibited in *State v. Ray*, 166 Wis. 2d 855, 873, 481 N.W.2d 288 (Ct. App. 1992)." *Gibson*, 238 Wis. 2d 547, ¶ 1. In *Ray*, we held that it was improper to apply both the general repeater statute (i.e., § 939.62) and the repeater provision in WIS. STAT. § 161.48 (now WIS. STAT. § 961.48) for second or subsequent WIS. STAT. ch. 161 (now WIS. STAT. ch. 961) violations when the application of both repeater provisions is predicated upon the commission of a prior ch. 161 offense. *Ray*, 166 Wis. 2d at 871–73. We reiterated in *Gibson* our holding in *Ray* that "both enhancement statutes may not be applied together for one conviction." *Gibson*, 238 Wis. 2d 547, ¶ 5 (quoting *Ray*, 166 Wis. 2d at 873).

¶ 22. In *Gibson*, we deemed the defendant's situation materially distinguishable from the situation presented in *Ray*. *See Gibson*, 238 Wis. 2d 547, ¶ 8. We contrasted the two penalty-enhancing statutes at issue in *Ray*, i.e., WIS. STAT. §§ 161.48 and 939.62, with the statute at issue in *Gibson*, i.e., WIS. STAT. § 941.29(2m), which proscribed second-offense possession of a firearm by a felon. *Gibson*, 238 Wis. 2d 547, ¶ 8. We held that the two penalty-enhancing statutes in *Ray* "did nothing but enhance *another statute*." *Gibson*, 238 Wis. 2d 547, ¶ 8 (emphasis added). Section 161.48 referred to "the doubling of fines and periods of confinement *imposed by other statutes*." *Gibson*, 238 Wis. 2d 547, ¶ 8 (emphasis added). "Similarly . . . § 939.62 speaks to increasing the maximum term prescribed *by other statutes*." *Gibson*, 238 Wis. 2d 547, ¶ 8 (emphasis added). Neither of the two penalty-enhancing statutes at issue in *Ray* "creates a crime in and of itself." *Gibson*, 238 Wis. 2d 547, ¶ 8.

¶ 23. Thus, we recognized in *Gibson* that, unlike prior convictions that trigger the penalty-enhancing statutes such as that at issue in *Ray*, a prior conviction

that renders one guilty of the crime proscribed in Wis. Stat. § 941.29(2m) is an element of the crime.

In contrast, Wis. Stat. § 941.29(2m) defines a crime, one element of which is that the offender has been convicted under the same section before. True, we held the prior conviction not to be an element of the offense in [*State v.*] *Miles*, [221 Wis. 2d 56, 57–58, 584 N.W.2d 703 (Ct. App. 1998)] but that is because the enhancer in *Miles* is a true enhancer, not a crime all on its own. Here, the prior conviction is written into the crime itself, just as a prior conviction is written into § 941.29(2), which criminalizes possession of a firearm by a felon. The elements of that crime are a prior felony conviction and possession of a firearm. Subsection (2m) just adds one more element. Under that subsection, the elements are a prior felony conviction, possession of a firearm and a prior conviction of felon in possession.

*Gibson*, 238 Wis. 2d 547, ¶ 8 (citation omitted).

¶ 24. We see no relevant distinction between the statute in *Gibson*, Wis. Stat. § 941.29(2m), and the statute at issue here, Wis. Stat. § 940.32(2m)(a). Therefore, our conclusion in *Gibson* regarding § 941.29(2m) is equally applicable to § 940.32(2m)(a): the prior conviction referred to in the statute is not a penalty enhancer, but rather a substantive element of the crime.

¶ 25. Warbelton's alternative argument is that if a previous conviction for a violent crime is a substantive element, this evidence should not have been submitted to the jury. As already noted, he cites to *Alexander* to support this contention.

¶ 26. In *Alexander*, the defendant sought review of his conviction for operating a motor vehicle while having a prohibited alcohol concentration of 0.08 percent or more in violation of Wis. Stat. § 346.63(1)(b)

(1993–94). *Alexander*, 214 Wis. 2d at 633. One of the three elements of this offense was that the defendant must have had two or more prior convictions, suspensions or revocations as counted under WIS. STAT. § 343.307(1) (1993–94). *Alexander*, 214 Wis. 2d at 633–34.

¶ 27. The issue before the supreme court was whether the circuit court erroneously exercised its discretion when it allowed the introduction of evidence of two or more prior convictions, suspensions or revocations as counted under WIS. STAT. § 343.307(1) (1993–94), and further submitted that element to the jury when the defendant admitted to the element and the purpose of the evidence was solely to prove that element. *Alexander*, 214 Wis. 2d at 634. The supreme court concluded that the purpose of the evidence was solely to prove the element of two or more prior convictions, suspensions or revocations and therefore concluded that its probative value was far outweighed by the danger of unfair prejudice to the defendant. *Id.* The court stated:

> We conclude that admitting any evidence of the element of prior convictions, suspensions or revocations and submitting the element to the jury *in this case* was an erroneous exercise of discretion. However, because of the overwhelming nature of the evidence as to the defendant's guilt in this case, we also conclude that the error was harmless. Accordingly, we affirm.

*Id.* (emphasis added).

¶ 28. *Alexander* is not applicable here because in a prosecution for the stalking offense of which Warbelton was convicted, the prejudice to a defendant that flows from the introduction of evidence of his or her prior conviction, particularly when the evidence is introduced in the manner it was in this case (i.e., by stipulation with no indication of the name of the crime of which he was

474

convicted), is not nearly as substantial as the unfair prejudice that is present in a prosecution for drunk driving—the issue in *Alexander*.

¶ 29. In *Alexander*, the supreme court reasoned that in a drunk driving prosecution, the risk of unfair prejudice was particularly great because a jury would likely conclude—even when presented only with a stipulation that the defendant had the required prior convictions, suspensions or revocations but the nature of the priors has not been revealed—that the defendant's prior convictions, suspensions or revocations arose out of the same sort of activity that the defendant was on trial for, i.e., drunk driving. Specifically the court said:

> [A]s we discuss later in this opinion, *in a case where the defendant is charged with driving with a prohibited alcohol concentration* and the jury is informed that he or she has two or more prior convictions, suspensions or revocations, it is highly probable that the jury will infer that the prior offenses are driving offenses and likely OWI offenses.

*Id.* at 644.

¶ 30. The supreme court on several more occasions in that opinion pointed to the particularized risks of unfair prejudice in a prosecution for drunk driving. For example:

> It is highly likely that jurors' experiences and common sense would tell them that *when a defendant is charged with driving with a prohibited alcohol concentration, the prior convictions, suspensions or revocations as counted under § 343.307(1)* of the Wisconsin Statutes must be driving offenses and likely drunk-driving offenses. *The words "suspensions or revocations" in a case*

*where the defendant is charged with driving with a prohibited alcohol concentration, in particular raise the inference that the prior offenses are also driving offenses.* The unfair prejudicial impact of the evidence and status element itself is not minimal.

*Alexander*, 214 Wis. 2d at 648 (emphasis added). Yet again, in the supreme court's subsequent discussion of the question of unfair prejudice, the court reiterated that it was the fact that the prior convictions, revocations or suspensions would be perceived by the jury as involving drunk driving that caused it great concern. Evidence of the prior convictions, revocations or suspensions would "lead the jurors to think that because the defendant has two prior convictions, suspensions or revocations, he was probably driving while intoxicated on the date in question." *Id.* at 649–50.

¶ 31. Here, like in *Alexander*, the name of the crime that was the subject of the prior conviction was not revealed to the jury. But, significantly, unlike in a drunk driving prosecution, here there is no reason to believe that introduction of the prior conviction evidence would lead the jurors to think that because the defendant has an unnamed prior violent crime conviction, he was probably committing the crime of stalking on the date in question.

¶ 32. After weighing the probative value against the possibility of unfair prejudice to the defendant, the supreme court's *Alexander* holding determined that it was improper to introduce "any evidence of a defendant's prior convictions, suspensions or revocations under Wis. Stat. § 343.307(1)." *Alexander*, 214 Wis. 2d at 651. Our holding today is not inconsistent with *Alexander* because in *Alexander*, the supreme court did not eliminate a trial court's discretion in *all* prosecutions to weigh the probative value of the intro-

duction of evidence of a defendant's prior conviction against unfair prejudice to the defendant. Rather, it particularized its holding to the case before it and then expanded its holding as controlling those cases "with the circumstances presented in this case."

> Accordingly, we hold that when the sole purpose of introducing any evidence of a defendant's prior convictions, suspensions or revocations under WIS. STAT. § 343.307(1) is to prove the status element and the defendant admits to that element, its probative value is far outweighed by the danger of unfair prejudice to the defendant. We hold that admitting any evidence of the defendant's prior convictions, suspensions or revocations and submitting the status element to the jury *in this case* was an erroneous exercise of discretion.

> When a circuit court is *faced with the circumstances presented in this case,* the circuit court should simply instruct the jury that they must find beyond a reasonable doubt that: 1) the defendant was driving or operating a motor vehicle on a highway; and 2) the defendant had a prohibited alcohol concentration at the time he or she drove or operated the motor vehicle. The "prohibited alcohol concentration" means 0.08 grams or more of alcohol in 210 liters of the person's breath or 0.08 percent or more by weight of alcohol in the person's blood. *See* WIS JI—CRIMINAL 2660B. The jury is charged to follow the instruction. *See* [*State v.*] *Poellinger*, 153 Wis. 2d [493,] 507, 451 N.W.2d 752 [(1990)].

*Alexander*, 214 Wis. 2d at 651–52.

¶ 33. Here, because Warbelton's case is distinguishable on its facts from those in *Alexander*, we do not find error in the trial court's decision to submit the question of whether Warbelton had committed a prior violent crime to the jury.

¶ 34. We conclude that it was not error to allow the introduction of evidence at trial that Warbelton had stipulated to having a "previous conviction for a violent crime" as defined in WIS. STAT. § 939.632(1)(e)1. in violation of WIS. STAT. § 940.32(2) and (2m)(a). Nor was it error to instruct the jury to make a finding on that matter.

*By the Court.*—Judgment and order affirmed.