STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeff C. HILGERS, Defendant-Appellant.

Court of Appeals

*No. 2015AP2256–CR. Submitted on briefs August 12, 2016.
—Decided January 26, 2017.*

2017 WI App 12

(Also reported in 893 N.W.2d 261.)

756

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Brian C. Hough* of *Axley Brynelson, LLP*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Aaron R. O'Neil*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Kloppenburg, P.J., Lundsten and Sherman, JJ.

¶ 1. Sherman, J. Jeff Hilgers appeals a conviction, following a jury trial, for second-degree sexual assault by corrections staff, contrary to WIS. STAT. § 940.225(2)(h) (2011–12).[1] Hilgers contends that instructions to the jury misstated a requirement in § 940.225(2)(h) and that when the evidence is measured against a correct interpretation of the statute, the evidence was insufficient to support his conviction. For the reasons discussed below, we affirm.

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## BACKGROUND

¶ 2. In 2012, A.C., an adult female, was sentenced to probation with six months of jail time as a condition of her probation. In October 2012, A.C. was confined in the William H. Ferris Center, one of Dane County's three jail locations. While A.C. was confined at the William H. Ferris Center, she met Hilgers, a Dane County Sheriff's Department correctional officer.

¶ 3. In December 2012, A.C. was placed in the home detention program pursuant to Wis. Stat. § 302.425(2), and detained at her personal residence, where her movements were restricted and monitored. While A.C. was detained at her personal residence, she and Hilgers began a consensual sexual relationship. Hilgers did not have supervisory authority over A.C. while she was in home detention.

¶ 4. Hilgers was charged with second-degree sexual assault, contrary to Wis. Stat. § 940.225(2)(h), which makes it a criminal offense for a correctional officer to have "sexual contact or sexual intercourse with an individual who is confined in a correctional institution." Hilgers moved to dismiss the case, arguing that his sexual activity with A.C. at *her residence* did not satisfy the statute's requirement that such activity occur while the convicted person is "confined in a correctional institution." The circuit court denied Hilgers' motion, concluding, as a matter of law, that an individual participating in the home detention program is "confined in a correctional institution."

¶ 5. Thereafter, the case was tried to a jury. At the jury instruction conference, the circuit court proposed that the jury be instructed that "participation in a jail home detention program constitutes confinement in a correctional institution." Hilgers objected, arguing

that the court's proposed language was "inappropriate" because a person participating in a home detention program is not confined in a correctional institution. The court overruled Hilgers' objection and the jury was instructed: "[A.C.] . . . was confined in a correctional institution. Participation in a jail home detention program constitutes confinement in a correctional institution."

¶ 6. The jury found Hilgers guilty of the charged offense. Hilgers appeals.

## DISCUSSION

¶ 7. WISCONSIN STAT. § 940.225(2)(h) makes it second-degree sexual assault for a correctional staff member to have "sexual contact or sexual intercourse with an individual who *is confined in a correctional institution.*" (Emphasis added.) Hilgers contends that an individual who is detained in his or her residence while participating in the home detention program is not "confined in a correctional institution" at that time, but is instead confined in his or her residence. Hilgers argues that because a party detained in his or her home while participating in the program is not "confined in a correctional institution," the circuit court erred in instructing the jury that A.C. was, as a matter of law, "confined in a correctional institutional." According to Hilgers, the evidence was insufficient under a correct view of the law and, therefore, the evidence was insufficient to support his conviction.

¶ 8. We question whether the sufficiency of the evidence in the circumstances here is measured against the instruction actually given or instead, as Hilgers seemingly assumes, is measured directly against the underlying statute. However, we need not

address this topic because we conclude that the instruction that was given was consistent with the statute.

¶ 9. To determine whether home detention is "confine[ment] in a correctional institution," we must interpret WIS. STAT. § 940.225(2)(h). Statutory interpretation presents a question of law, which is subject to our de novo review. *State v. Cole*, 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432. The goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *State v. Kirch*, 222 Wis. 2d 598, 602, 587 N.W.2d 919 (Ct. App. 1998). When interpreting a statute, we begin with the statute's text, giving it its common, ordinary, and accepted meaning, except that we give technical or specially defined words their technical or special definitions. *State v. Warbelton*, 2008 WI App 42, ¶ 13, 308 Wis. 2d 459, 747 N.W.2d 717. If the language of the statute is plain and unambiguous, our inquiry ends and we apply the plain meaning. *Id.*

¶ 10. In ascertaining the plain meaning of a statute, we must focus on more than a single sentence or a portion thereof. *State v. Ziegler*, 2012 WI 73, ¶ 43, 342 Wis. 2d 256, 816 N.W.2d 238. "We therefore interpret statutory language in the context in which it is used, 'not in isolation but as part of the whole.' In addition, we must construe statutory language reasonably. An unreasonable interpretation is one that yields absurd results or contravenes the statute's manifest purpose." *Id.* (quoted source and internal citations omitted).

¶ 11. Neither party argues that WIS. STAT. § 940.225(2)(h) is ambiguous, and we agree that it is not. Accordingly, we apply the plain meaning of the statutory language.

¶ 12. "Correctional institution" is defined by Wɪs. Sᴛᴀᴛ. § 940.225(5)(acm) as "a jail or correctional facility, as defined in [Wɪs. Sᴛᴀᴛ. §] 961.01(12m) . . . ." As is relevant here, "[j]ail or correctional facility" is defined to mean "[a] jail, as defined in [Wɪs. Sᴛᴀᴛ. §] 302.30 . . . ." Sec. § 961.01(12m)(b). Section 302.30 in turn defines "jail" as "includ[ing] municipal prisons and rehabilitation facilities." Giving "confined in a correctional facility" its plain meaning, in order for Hilgers to have violated § 940.225(2)(h), A.C.'s home detention must have constituted confinement in a jail or municipal prison.

¶ 13. Pursuant to Wɪs. Sᴛᴀᴛ. § 302.425(2), "a county sheriff or a superintendent of a house of correction may place in the home detention program any person confined in jail" and "may transfer any prisoner in the home detention program [back] to the jail." If a prisoner is placed in the home detention program, the sheriff or superintendent may "provide that the prisoner be detained at the prisoner's place of residence or other place designated by the sheriff or superintendent and be monitored by an active electronic monitoring system." Sec. 302.425(3). The plain meaning of this language is that confinement in a jail includes detention in a home detention program.

¶ 14. In addition, Wɪs. Sᴛᴀᴛ. § 302.425(5) states that "a prisoner in the home detention program *is considered to be* a jail prisoner but the place of detention is not subject to [certain specified] requirements for jails." (Emphasis added.) We conclude that the plain meaning of "jail prisoner" is a person confined in a jail and, therefore, it follows that the legislature here is stating that a person in home detention is "considered to be" a person confined in a jail.

¶ 15. WISCONSIN STAT. § 302.425 provides that when a prisoner is "confined in jail," the prisoner may be "detained at the prisoner's place of residence" as part of home detention program. We conclude that under § 302.425, a prisoner participating in the home detention program remains at all times "confined," that is to say imprisoned, in a jail. However, under the program, the prisoner's confinement in jail may consist of detention in the prisoner's residence. The fact that the prisoner is "detained" during the prisoner's participation in the program at a location other than a jail facility does not negate the fact that the prisoner remains confined in a jail for purposes of § 302.425 and, therefore, "confined in a correctional institution" for purposes of WIS. STAT. § 940.225(2)(h).

¶ 16. We also observe that, even if we concluded that the relevant statutory language was ambiguous, we would affirm Hilgers' conviction. One obvious purpose of WIS. STAT. § 940.225(2)(h) is to protect prisoners who are vulnerable because they are subject to the substantial control of correctional officers. As we have seen, sheriffs have substantial discretion with respect to the housing of prisoners confined in the county jail. Just as the sheriff can move prisoners between the three county facilities in Dane County, so also can the sheriff move a prisoner both into and back out of home detention, or other designated location, as the need arises. No statutory provisions limit the discretion of the sheriff in deciding when to detain a prisoner in home detention and when to return the prisoner to a county facility. Thus, it is more reasonable to construe the statutes as providing protection to prisoners in home detention.

¶ 17. In sum, a person detained at his or her residence by virtue of participation in the home detention program is "confined in a correctional institution" for purposes of WIS. STAT. § 940.225(2)(h). The circuit court's jury instruction was therefore proper and the evidence was sufficient to support Hilgers' conviction.

## CONCLUSION

¶ 18. For the reasons discussed above, we affirm.

*By the Court.*—Judgment affirmed.