PER CURIAM.
¶1 Lepke Holdings and Bill Lepke Trucking LLC (collectively, Lepke) appeal an order of the circuit court granting summary judgment in favor of Greg Bakkestuen, David Winchell, and Brian Jensen (collectively, the drivers). The drivers, who were all employed by Lepke as dump truck drivers, sued Lepke seeking compensation for time that the drivers devoted to particular tasks, for which the drivers argue Lepke should have, but did not, pay them ("the unpaid time"). The circuit court determined that the unpaid time was compensable work time for which the drivers are owed additional wages. This ruling included the court's rejection of Lepke's argument that the drivers are not entitled to this compensation because Lepke met minimum wage requirements. Separately, the court determined that certain overtime hours for which the drivers were not paid should be paid at the then-prevailing hourly wage, which was higher than the drivers' regular hourly wage. For the reasons discussed below, we affirm on each issue.
BACKGROUND
¶2 The following facts are taken from the summary judgment submissions and are undisputed. In 2013 and 2014, the drivers were employed by Lepke as dump truck drivers. They were responsible for transporting loads of material from one location to another.
¶3 The drivers were compensated by Lepke at an hourly wage for hours worked between the initial loading and the final unloading of their trucks on each work day. However, Lepke did not compensate the drivers for any time spent on work tasks prior to the initial loading, despite the fact that the drivers were obligated to prepare the trucks to be driven and then to wait at loading sites for the trucks to be loaded for the first time. Similarly, the drivers were generally not paid for any time spent on work tasks after the final unloading of the trucks each work day, which included time spent driving back to the truck storage location and filling out paperwork required by Lepke.[1] The hourly wage at which the drivers were compensated varied, depending on whether they were working on projects subject to the then prevailing wage rate. See WIS. STAT. §§ 103.49 (2013-14); 103.50 (2013-14); and 84.062 (2015-16).[2] For projects not subject to the prevailing wage rate, the drivers' regular hourly wage was between $ 13.00 and $ 14.00. For projects subject to the prevailing wage rate, the drivers' regular hourly wage was $ 42.29.
¶4 The drivers sued Lepke for the unpaid time. The drivers claimed that Lepke unlawfully failed to pay them for time spent performing work-related activities before initial loading and after final unloading. Both the drivers and Lepke moved the circuit court for summary judgment on the issue of whether the unpaid time in dispute was compensable work time.
¶5 The circuit court granted the drivers' motion for summary judgment and denied Lepke's motion for summary judgment.[3] In a subsequent hearing, the circuit court clarified its ruling to be that the drivers are entitled to be paid for the unpaid time, which included both regular time and overtime. And, as to the pay rate for overtime, the court determined that if the respondents "work[ed] more than ten hours per day, or [forty] hours per week overall," the drivers are entitled to overtime wages at the prevailing wage rate "if they worked on a prevailing wage project after they had worked [forty] [ ] hours during the week," "even if they worked fewer than ten hours per day or [forty] hours per week on a prevailing wage project during [that] week."
¶6 Lepke filed a motion for reconsideration, which the circuit court denied. The parties subsequently entered into a stipulation whereby Lepke agreed to pay specified damages to the drivers, subject to Lepke's right to appeal the circuit court's summary judgment decision. The court entered judgment in favor of the drivers. Lepke appeals.
DISCUSSION
¶7 Lepke contends that the circuit court erred in granting summary judgment in favor of the drivers. For purposes of clarity, we restate and reorganize Lepke's arguments, as best we can tell what those arguments are. Lepke contends that the court erred in determining that the drivers should have been compensated for the following unpaid time devoted to work-related activities before initial loading and after final unloading: warming up trucks, allowing air pressure to build up in the trucks, conducting pre-trip inspections of the trucks, traveling to the initial loading location, and waiting in the truck queue, all prior to the initial loading; and, after the final unloading, traveling back to the truck storage location, refueling the trucks, and filling out paperwork required by Lepke. Lepke makes two additional arguments. First, Lepke contends that, even if the unpaid time is compensable work time, the circuit court erred in concluding that the drivers are entitled to additional wages for that time, because Lepke met minimum wage requirements. Second, Lepke argues that unpaid time that was overtime work on prevailing wage projects should not be paid at the prevailing wage rate.
¶8 We review the grant or denial of a motion for summary judgment de novo. Hardy v. Hoefferle , 2007 WI App 264, ¶6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).
A. Unpaid Time
¶9 The drivers contend that Lepke violated Wisconsin wage and hour laws by failing to pay the drivers for the unpaid time performing the tasks described above in ¶7. They argue that, pursuant to WIS. ADMIN. CODE § DWD 272.12(1)(a) (through Jan. 2019),[4] which was promulgated under the authority of WIS. STAT. § 103.02,[5] Lepke is required to pay them at least their regular rate of pay for each hour of work. Section DWD 272.12(1)(a) provides that an employee "must be paid for all time spent in 'physical or mental exertion ... controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business.' " The drivers argue that our supreme court's decision in United Food & Com. Workers Union, Local 1473 v. Hormel Foods Corp. , 2016 WI 13, 367 Wis. 2d 131, 876 N.W.2d 99, is controlling and supports their argument. We agree.
¶10 In Hormel Foods , our supreme court concluded that time spent putting on and taking off clothing and equipment at a canning plant, which was required by Hormel Foods and was done necessarily and primarily for the benefit of Hormel Foods, was compensable work time and not non-compensable preliminary and postliminary activities under WIS. ADMIN. CODE § DWD 272.12(2)(e). Hormel Foods , 367 Wis. 2d 131, ¶¶2-4, 39.[6] In reaching that conclusion, the supreme court analyzed what constitutes "compensable time" under § DWD 272.12. The supreme court determined that compensable time includes activities that "are integral and indispensable to the employees' primary activities." Hormel Foods , 367 Wis. 2d 131, ¶¶40-42, 44. The supreme court explained that an activity is not integral and indispensable to an employee's primary activities simply because an employer requires an employee to perform an activity that benefits the employer. Id. , ¶71. An activity is integral and indispensable to an employee's primary activities "if it is an intrinsic element with which the employee cannot dispense if he or she is to perform the employee's principal activities." Id.
¶11 Applying those principles to the facts in Hormel Foods , a majority of the justices concluded that putting on and taking off clothing and equipment were integral and indispensable to the employees' primary activities. id. , ¶¶78, 108. This is because "cleanliness and food safety are 'intrinsic element[s]' of preparing and canning food at the Hormel canning facility," and the clothing and equipment were required for the safety of the employees and the food they helped produce and to comply with federal regulations regarding food sanitation and workplace safety. Id. , ¶¶58-60.
¶12 While the particular facts in Hormel Foods are not squarely on point with the facts here, we conclude that the reasoning of the case dictates the outcome here. The undisputed facts establish that the drivers could not operate the dump trucks without first warming them up and building up the trucks' air pressure. To ensure the safe operation of the trucks, the drivers were obligated to make pre-trip inspections of the trucks. Only after completing these tasks could each driver safely drive his truck to the initial loading location, which itself was also integral and indispensable to the drivers' primary activities. Then, after arriving at the initial location, the drivers were obligated to join a queue of trucks waiting to be loaded, which occurred on a first-come, first-served basis. The drivers' obligations continued after the final unloading, when the drivers would drive the trucks to a storage location designated by Lepke; were required by Lepke to ensure that the trucks were full of fuel when the trucks were returned to the storage location; and filled out paperwork required by Lepke.
¶13 We conclude that the time spent by the drivers performing all of these initial and concluding tasks was time spent on activities that were integral to their primary activities as drivers for Lepke. Thus, we conclude that, under Hormel Foods , the drivers' unpaid time is compensable.
¶14 Lepke does not dispute on appeal that performance of the above-stated tasks during the unpaid time was integral to the drivers' employment. Rather, Lepke argues that Hormel Foods is not controlling in this case because, according to Lepke, Hormel Foods "only addressed claims for overtime pay under" WIS. STAT. § 103.02 and WIS. ADMIN. CODE ch. DWD 274.[7] However, the only argument Lepke makes in support is a nonstarter because its premise is absurd. Lepke asks us to construe this precedent of our supreme court based on an affidavit of an attorney for Hormel Foods about the nature of the claims in that case. Our rejection of this approach requires no explanation. Needless to say, we rely on our interpretation of the pertinent opinions of the supreme court. Accordingly, for reasons we have already explained, we conclude that, under Hormel Foods , the unpaid work time in this case is compensable work time.
B. Minimum Wage Issue
¶15 Lepke argues that, even if the drivers are otherwise entitled to wages for the unpaid time, they are not entitled to those wages because Lepke paid them in amounts that exceeded minimum required amounts. In support, Lepke relies on DWD's decision in Jacobson v. Fischbach, Inc. , Case No. LS2012 00479 (DWD June 19, 2013). We reject this argument.
¶16 In the Jacobson administrative proceeding, DWD dismissed wage complaints filed by employees who sought additional pay for unpaid work time. DWD determined that the employees were not entitled to additional wages because the employees were not entitled to hourly pay that exceeded Wisconsin's minimum hourly wage and each employee's total pay in a pay period, when divided by the total number of hours the employee worked that pay period, both paid and unpaid, was more than Wisconsin's hourly minimum wage.
¶17 Lepke asserts that we should accord DWD's decision great weight deference. However, deference is not permitted. See Tetra Tech EC, Inc. v. DOR , 2018 WI 75, ¶3, 382 Wis. 2d 496, 914 N.W.2d 21 ("end[ing] our practice of deferring to administrative agencies' conclusions of law"). Although an appellate court may not defer to an agency's decision, our supreme court has stated that, pursuant to WIS. STAT. § 227.57(10), an appellate court, will, as "a matter of persuasion, not deference," "give 'due weight' to an administrative agency's experience, technical competence, and specialized knowledge," "as well as discretionary authority conferred upon it" when considering an administrative agency's arguments. Wisconsin Bell, Inc. v. LIRC , 2018 WI 76, ¶4, 382 Wis. 2d 624, 914 N.W.2d 1 ; Tetra Tech EC, Inc. , 382 Wis. 2d 496, ¶¶11, 34, 78. Lepke does not argue that DWD has been conferred any discretionary authority or that it has any purported unique insights. Therefore, we look to the question of whether the drivers are entitled to additional wages for their unpaid time de novo, without deference to any decision by DWD.
¶18 Lepke argues that additional wages are not owed for unpaid, compensable work time if the drivers' "hourly wage was high enough to ensure at least minimum wage for every pay period." Restated, Lepke argues that, for any pay period, when the quotient of the division of a driver's total pay by the total number of hours worked (both paid and unpaid) is greater than the state-mandated minimum hourly rate, Lepke is not required under the pertinent regulation to pay that driver additional wages for the unpaid, compensable time. In support of this argument, Lepke points to WIS. ADMIN. CODE § DWD 272.03(7), which provides: "The payroll period shall be taken as the unit of determining compliance with the minimum rates prescribed in this order." Lepke argues that § DWD 272.03(7) does not require that every employee receive a specific hourly rate, only that the "employee receive at least $ 7.25 per hour for all hours worked in a given pay period." Lepke argues that the drivers' average hourly wage in each pay period, when both paid time and unpaid time are considered, is greater than the minimum wage Lepke is required to pay the drivers and, therefore, the drivers are not entitled to any additional wages for the unpaid compensable time. We are not persuaded.
¶19 We interpret statutory language not in isolation but as part of a whole; in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results. State v. Warbelton , 2008 WI App 42, ¶13, 308 Wis. 2d 459, 747 N.W.2d 717. "[I]t is a basic rule of statutory construction that effect is to be given to every word of a statute if possible, so that no portion of the statute is rendered superfluous." Lake City Corp. v. City of Mequon , 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997).
¶20 WISCONSIN ADMIN. CODE § DWD 272.03(1) establishes the minimum hourly rate an employer may pay an employee. However, WIS. ADMIN. CODE § DWD 272.025 provides that "[n]othing contained in [§] DWD 272.03 prohibits an employer from paying [an employee] more than" the minimum hourly rates set forth in § DWD 272.03(1). WISCONSIN ADMIN. CODE § DWD 272.12(1), in turn, requires an employer to pay an employee for all time worked.
¶21 Giving effect to each relevant provision contained in WIS. ADMIN. CODE ch. DWD 272, we conclude that the most reasonable interpretation of that section is that an employee must be paid for each and every hour worked by that employee, at the higher rate agreed to by the employer and employee, or if there has been no such agreement, at a rate no less than the minimum specified in WIS. ADMIN. CODE § DWD 272.03(1). Were we to adopt Lepke's suggested interpretation, an employer could agree to pay an employee an hourly wage exceeding the minimum hourly wage, and then require that employee to work any number of additional unpaid hours and not pay the employee for those hours at the agreed-upon hourly rate, so long as the employee's average hourly wage remained above the minimum wage in the pay period. Such a result would be an absurdity, which we must avoid.
C. Overtime Pay
¶22 In their brief in support of their motion for summary judgment regarding the unpaid time, the drivers asserted that they are entitled to overtime wages for work time that exceeds ten hours per day or forty hours per week. As noted above in ¶3, the drivers' hourly rate of pay varied, depending on whether they were working on a project that was subject to the then-prevailing wage law. See WIS. STAT. §§ 103.49 (2013-14); 103.50 (2013-14); and 84.062 (2015-16). To repeat, the circuit court agreed that the drivers are entitled to overtime wages and determined that if the drivers "work[ed] more than ten hours per day, or [forty] hours per week overall," they are entitled to overtime wages at the prevailing wage rate "if they worked on a prevailing wage project after they had worked forty full hours during the week," "even if they worked fewer than ten hours per day or [forty] hours per week on a prevailing wage project during [that] week."
¶23 Lepke contends that the drivers are not entitled to overtime wages because Lepke is exempt under 29 U.S.C. § 213(b)(1), the "motor carrier exemption," from federal overtime requirements. Similarly, Lepke argues that a parallel Wisconsin code provision, WIS. ADMIN. CODE § DWD 274.04, applies to exempt it from any state requirement. Lepke argues that in a separate suit brought in federal court in which the drivers sought overtime pay under the Fair Labor Standards Act, see 29 U.S.C. § 207(a)(1), the Western District of Wisconsin dismissed the drivers' claim because Lepke and the drivers were, at all times relevant, subject to the "motor carrier exemption." Bakkestuen v. Lepke Holdings LLC , No. 14-CV-700-bbc, unpublished op. (W.D. Wis. Oct. 13, 2015).
¶24 The drivers concede that they are subject to the motor carrier exemption and, therefore, Lepke was not required to pay them overtime under the Fair Labor Standards Act. The drivers argue, instead, that Lepke agreed to pay them overtime wages and that for that reason, Lepke is contractually obligated to do so. Lepke concedes in its brief that Lepke "promised to pay overtime [wages to the drivers] when their compensable hours exceeded forty in a workweek," and that the drivers are entitled to such wages.[8] Lepke's real argument appears to us to concern the rate of the drivers' overtime wages. Accordingly, we conclude that Lepke's argument that the drivers are not entitled to overtime wages under the motor carrier exemption goes nowhere.
¶25 Turning to the rate at which the overtime wages at issue should be calculated, Lepke contends that the circuit court erred in determining that the drivers' overtime wages should be calculated at the prevailing wage rate if any hours worked over forty hours in any given week were on a prevailing wage project.[9] Lepke asserts that the drivers are entitled to overtime pay at the prevailing wage rate only if the drivers performed prevailing wage work more than ten hours in a day or more than forty hours in a week.
¶26 Lepke does not cite to any legal authority supporting its argument. Lepke asserts that "[c]ompliance with the prevailing wage requirement ... is strictly monitored and enforced" and that, if the drivers "were incorrectly paid on prevailing wage projects, it is fair to assume that the state auditors would have directed [Lepke] to issue additional pay and to change [its] pay practices." However, Lepke does not point to any evidence in the summary judgment submissions indicating that the drivers' pay records were reviewed by state auditors during the time periods at issue in this case. Moreover, Lepke ignores the fact that the unpaid time was not treated as work time and that the drivers were, therefore, not paid at all for that time. Accordingly, we conclude that Lepke has failed to present this court with any persuasive argument establishing that the circuit court erred in its determination.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

On one subset of projects, Lepke paid the drivers slightly more. As to this subset, drivers were allowed to count a small amount of additional end-of-the-work-day time. However, neither side argues that the exception for this subset of projects matters on any issue that we resolve on appeal, and we address it no further.

Wisconsin Stat. §§ 103.49 and 103.50(2) (2013-14) required paying a prevailing wage to employees on municipal and state work projects, including highway projects. Section 103.49 was partially repealed and was renumbered as Wis. Stat. § 16.856, and § 103.50 was partially amended and renumbered as Wis. Stat. § 84.062, by 2015 Wis. Act 55, §§ 3077gp-3077kp. Sections 16.856 and 84.062 were subsequently repealed, effective September 23, 2017, by 2017 Wis. Act 59, §§ 164 and 1222. All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The Hon. Michael Rosborough issued the initial summary judgment ruling. Subsequent actions were taken by the Hon. Darcy Rood.

All references to Wis. Admin. Code § DWD are through January 2019 unless otherwise noted.

Wisconsin Stat. § 103.02 provides that "[t]he department shall, by rule, classify [hours of beginning and ending work] ... into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and one-half times the regular rates."

Four justices agreed on this point. The lead opinion in United Food & Com. Workers Union, Local 1473 v. Hormel Foods Corp. , 2016 WI 13, 367 Wis. 2d 131, 876 N.W.2d 99, was written by Justice Abrahamson and joined by Justice Walsh Bradley. Chief Justice Roggensack and Justice Prosser concurred with the point in the lead opinion that time spent donning and doffing at the beginning and end of the work day is compensable work time. Id. , ¶108.

Lepke also contends that we should resolve the unpaid time issue based on the concept that Lepke met minimum wage standards, following statements of the Department of Workforce Development in another matter See Jacobson v. Fischbach, Inc. , case No. LS2012 00479 (DWD June 19, 2013). We address, and reject, this argument in a separate discussion section below.

Despite this concession, Lepke also opposes on appeal the drivers' claim that they are entitled to compensation for their overtime unpaid time based on breach of contract. Because we conclude that they are entitled to that compensation under Wisconsin law, we do not reach this issue. See Sweet v. Berge , 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised.)

Lepke limits its arguments pertaining to the rate of pay for the drivers' unpaid time to only those hours that result in overtime pay. Lepke does not raise any argument on appeal that the drivers are not entitled to the prevailing wage rate for unpaid work time that is not entitled to be paid at the overtime hourly rate. Accordingly, our analysis is similarly limited in scope.